RANDALL DOUGLAS WRIGHT v. FIBER INDUSTRIES, INC., MELVIN J. DOBBINS, REX L. BELL, RAY A. KILMINISTER, THOMAS A. KOENTOP, WILLIAM MAYROSE, JAMES S. BUTNER, JOHN SULLIVAN, AND CARL M. SPANGLER, JR.

No. 8227SC45

(Filed 1 February 1983)

**1. Master and Servant § 10.2— claim for damages due to retaliatory discharge— dismissal of claim error**

The trial court erred in dismissing plaintiff's claim for damages due to retaliatory discharge from his employment where his complaint alleged sufficient information to give the court and the parties notice of the transactions and occurrences which he intended to prove to entitle him to relief under G.S. 97-6.1.

**2. Master and Servant § 12— claim for blacklisting—dismissal of claim error**

The trial court erred in dismissing plaintiff's claim in which he alleged that defendants blacklisted him since plaintiff's allegation could support a cause of action under the blacklisting statute, G.S. 14-355.

**3. Appeal and Error § 6.2— denial of a motion to dismiss—not appealable**

Denial of a motion to dismiss for failure to state a claim is not appealable because it is neither a final judgment within G.S. 1-277(a) nor does it affect a substantial right.

APPEAL by plaintiff from *Friday, Judge.* Judgment entered 12 October 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 9 November 1982.

Plaintiff, who was injured at work, brought this action against his employer, Fiber Industries. In his complaint, he alleged the following. On 8 February 1980, he was employed by Fiber Industries as a production operator. While he was working on his regular job assignment he was asked to assist other employees in removing several packs of pumps which had been stacked on a machine. As he was pulling on the pumps, he experienced a sharp pain in his lower back. He reported the accident to his shift foreman. He was taken to Cleveland Memorial Hospital where his ailment was diagnosed as back strain. After he returned to work on 12 February 1980, he performed light duty functions until 22 February 1980. Then plaintiff had a five-day break. When he returned to work, he was informed that he should go back to his regular duties, which he attempted to perform until he eventually collapsed. He was hospitalized from 5

March 1980 to 13 March 1980. He continued to see various orthopedic surgeons after he left the hospital. He remained out of work until 2 September 1980. When he returned to work, he was not permitted to perform light duty work, instead, he was required to perform his regular work assignments. On 22 September 1980, he injured his back while doffing a machine. He was injured again on 16 October 1980 and was admitted to Cleveland Memorial Hospital.

According to plaintiff, when he was in the hospital, defendants Dobbins, Bell, and Koentop, visited him and told him that they were considering firing him because of his inability to perform his regular work assignments. They also said that Fiber Industries had filed a Workers' Compensation claim for him which had been denied.

Plaintiff was fired on 24 October 1980. On 28 October 1980, some employees of Fiber Industries met with plaintiff and told him that he was not entitled to receive any benefits except under Fiber Industries' private insurance policy. They asked plaintiff to sign a document which provided that he had fully recovered from his injury on 2 September 1980, and resumed work on 3 September 1980. Plaintiff refused to sign the document.

Plaintiff eventually discovered that a Workers' Compensation claim had not been filed. He filed a claim on 2 February 1981. On oral argument, counsel stipulated that he had received benefits under an award entered in that proceeding.

On 5 May 1981, plaintiff filed a seventy-seven paragraph complaint consisting of eleven claims for relief. Defendant moved to dismiss the claims pursuant to G.S. 1A-1, Rule 12(b)(6). The trial judge granted defendant's motion with respect to nine of the claims. Plaintiff abandoned four of his claims and appealed the dismissal of the remaining five claims.

*O. Max Gardner III, for plaintiff appellant.*

*Weinstein, Sturges, Odom, Groves, Bigger, Jonas and Campbell, by John J. Doyle, Jr., and L. Holmes Eleazer, Jr., for defendant appellee.*

VAUGHN, Chief Judge.

For the most part, we agree with the trial judge's dismissal of plaintiff's claims, so we shall only address the two claims which should not have been dismissed: retaliatory discharge and blacklisting.

Since this is an appeal from a dismissal pursuant to G.S. 1A-1, Rule 12(b)(6), the only question before us is whether plaintiff's complaint sets forth a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief. . . ." G.S. 1A-1, Rule 8(a)(1).

In *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970), Justice Sharp (later Chief Justice) explained Rules 12(b)(6) and 8(a)(1). After noting that our Rule 8(a)(1) differs from the Federal Rule of Civil Procedure 8(a)(2), in that the federal rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," she quoted with approval from Mr. Justice Black's opinion in *Conley v. Gibson,* 355 U.S. 41, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957):

> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."

*Sutton v. Duke,* 277 N.C. at 102, 176 S.E. 2d at 165. Justice Sharp summarized various federal decisions and 2A Moore's Federal Practice § 12.08 (1968) as follows:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . [or] except in those instances where the

face of the complaint discloses some insurmountable bar to recovery. . . . [In short, it] should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* (Emphasis in original.)

*Sutton v. Duke*, 277 N.C. at 102-103, 176 S.E. 2d at 165-166. *See also Morrow v. Kings Department Stores, Inc.*, 57 N.C. App. 13, 290 S.E. 2d 732, *review denied*, 306 N.C. 385, 294 S.E. 2d 210 (1982).

[1] Plaintiff's third claim, for damages due to retaliatory discharge, was as follows:

45. The plaintiff avers that he was discharged by the defendants, as hereinbefore alleged, in part because he threatened to institute or cause to be instituted, in good faith, a proceeding before the North Carolina Industrial Commission with respect to certain injuries that the plaintiff suffered by way of an accident that arose out of and occurred during the course of his employment with the corporate defendant.

46. The plaintiff avers that pursuant to N.C. Gen. Stat. Sec. 97-6.1 that he is entitled to recover damages from the defendants herein resulting from his termination for the reasons heretofore set forth. The plaintiff avers that he has suffered substantial damages because of such actions and therefore avers that he is entitled to recover such damages from the defendants.

47. The plaintiff . . . alleges that the individual defendants named herein acted in conspiracy, collusion, and illegal combination with the corporate defendant for the purpose of seeking to discharge the plaintiff for his threats to institute for cause to be instituted a claim under the North Carolina Workers' Compensation Act. As a result thereof, the plaintiff respectfully avers that he is entitled to recover any and all of the damages complained of herein from the individual defendants, both jointly and severally.

G.S. 97-6.1 is the statute which makes it unlawful for an employer to discharge or demote an employee in retaliation for filing a Workers' Compensation claim:

(a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

(b) Any employer who violates any provision of this section shall be liable in a civil action for reasonable damages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Clearly, plaintiff's complaint alleges sufficient information to give the court and the parties notice of the transactions and occurrences which he intends to prove to entitle him to relief under G.S. 97-6.1.

Despite the liberal nature of notice pleadings, a claim for relief must satisfy the requirements of the substantive laws which support the pleadings. *United Leasing Corp. v. Miller,* 45 N.C. App. 400, 263 S.E. 2d 313, *review denied,* 300 N.C. 374, 267 S.E. 2d 685 (1980). Defendant contends that plaintiff has no cause of action under the statute because his workers' compensation claim was filed more than three months after he was fired, and the statute only covers those who are fired after they file their claim. We do not agree.

G.S. 97-6.1 was enacted in response to *Dockery v. Lampart Table Co.,* 36 N.C. App. 293, 244 S.E. 2d 272, *review denied,* 295 N.C. 465, 246 S.E. 2d 215 (1978). In *Dockery,* the plaintiff was injured when a load of tables fell on him while he was working in defendant's factory. He received temporary workers' compensation benefits. When he returned to work after two weeks, he was fired. The plaintiff alleged that he was fired in retaliation for pursuit of his remedies under the Workers' Compensation Act. In affirming the trial court's grant of the defendant's motion to dismiss, this Court held "If the General Assembly . . . had intended a cause of action [for retaliatory discharge] . . . in a workmen's compensation statute as comprehensive as ours, it would have specifically addressed the problem." *Dockery v. Lampart Table Co.,* 36 N.C. App. at 297, 244 S.E. 2d at 275.

Clearly, G.S. 97-6.1 was intended to prevent employers from firing or demoting employees in retaliation for pursuing their remedies under the Workers' Compensation Act. If G.S. 97-6.1 were limited only to retaliatory acts which occurred after the employee filed his claim, an employer could easily avoid the statute by firing the injured employee before he filed. We do not think the legislature intended the statute to be so easily circumvented.

The courts of this State have recognized that the Workers' Compensation Act should be liberally construed so that benefits will not be denied by technical, narrow, or strict interpretation. *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972); *Johnson v. Asheville Hosiery Co.*, 199 N.C. 38, 153 S.E. 591 (1930). Liberally construed, the statute encompasses acts by employers intending to prevent employees from exercising their rights under the Workers' Compensation Act. Whether the employee is fired before or after he files his claim should make no difference.

[2] In plaintiff's eighth claim for relief, he alleges that defendants blacklisted him: "After having been discharged from his employment . . . the plaintiff . . . alleges that the defendants herein prevented or attempted to prevent the plaintiff by word or by writing from obtaining employment from any other person, company, or corporation within Cleveland County, North Carolina."

The blacklisting statute, G.S. 14-355, reads, in part, as follows:

If any person, agent, company or corporation, after having discharged any employee from his or its service, shall prevent or attempt to prevent, by word or writing of any kind, such discharged employee from obtaining employment with any other person, company or corporation, such person, agent or corporation shall be guilty of a misdemeanor and shall be punished by a fine not exceeding five hundred dollars ($500.00); and such person, agent, company or corporation shall be liable in penal damages to such discharged person, to be recovered by civil action.

Defendants contend that plaintiff's claim was properly dismissed because it is too vague and imprecise to put defendants

on notice. The test to apply, which was mentioned above, is that plaintiff's claim should not be dismissed unless it appears that he is not entitled to any relief under any set of facts which could be proved in support of his claim. Clearly, plaintiff's allegation, with appropriate facts, would support a cause of action under the blacklisting statute. Any vagueness could easily be resolved by discovery pursuant to Article 5 of the North Carolina Rules of Civil Procedure.

[3] Defendants attempt to cross-appeal, by means of a cross-assignment of error, the trial court's denial of their motion to dismiss plaintiff's tenth claim. Denial of a motion to dismiss for failure to state a claim is not appealable because it is neither a final judgment within G.S. 1-277(a) nor does it affect a substantial right. *O'Neill v. Southern National Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979); *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E. 2d 640, *cert. denied*, 297 N.C. 300, 254 S.E. 2d 920 (1979). Moreover, a cross-assignment of error is "any action or omission of the trial court to which an exception was duly taken . . . and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." Rule 10(d) Rules of Appellate Procedure.

For the reasons stated, we reverse the dismissal of plaintiff's third and eighth claims. We affirm the dismissal of the other claims.

Defendants' appeal is dismissed.

In plaintiff's appeal, affirmed in part, reversed in part.

In defendants' appeal, appeal dismissed.

Judges WELLS and WHICHARD concur.