VIRGINIA P. ABELS, Plaintiff, Appellee v. RENFRO CORPORATION, Defendant-Appellant

No. 9117SC839

(Filed 1 December 1992)

1. **Evidence and Witnesses § 1380 (NCI4th)— retaliatory discharge claim for filing workers' compensation—Industrial Commission findings on workers' compensation claim—not res judicata— excluded**

   The trial court did not err in a retaliatory discharge action arising from a workers' compensation claim by excluding the Industrial Commission's findings that plaintiff's alleged injuries were not compensable. Although defendant contended that the court should have admitted the findings based on *res judicata*, this was a claim for retaliatory discharge under N.C.G.S. § 97-6.1 and not the same cause of action that plaintiff brought before the Industrial Commission.

   **Am Jur 2d, Evidence §§ 746, 747; Judgments §§ 394 et seq.; Wrongful Discharge §§ 199 et seq.**

2. **Evidence and Witnesses § 219 (NCI4th)— retaliatory discharge claim—evidence of similarly situated employees—no error**

   The trial court did not err in a retaliatory discharge action arising from a workers' compensation claim by excluding evidence of similarly situated employees. Defendant's conten-

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

tion that an action for retaliatory discharge under N.C.G.S. § 97-6.1 is analogous to an action for employment discrimination under federal law would circumvent the intent of the legislature.

**Am Jur 2d, Job Discrimination §§ 1974 et seq.; Wrongful Discharge §§ 25 et seq.**

3. **Damages § 21 (NCI4th) — retaliatory discharge — emotional distress — properly submitted to jury**
The trial court did not err in a retaliatory discharge action by submitting the issue of emotional distress damages to the jury. Emotional distress damages are a form of damages suffered by an employee and accordingly are recoverable as a form of reasonable damages in a civil action brought by an employee under N.C.G.S. § 97-6.1.

**Am Jur 2d, Job Discrimination § 2421; Wrongful Discharge § 256.**

**Damages recoverable for wrongful discharge of at-will employee. 44 ALR4th 1131.**

4. **Labor and Employment § 75 (NCI4th) — retaliatory discharge for filing workers' compensation — evidence sufficient**
The trial court did not err in a retaliatory discharge action arising from a workers' compensation claim by denying defendant's motion for a judgment n.o.v. where plaintiff introduced evidence of the events causing her injuries, the injuries themselves, the treatment she received for the injuries, her filing workers' compensation claims, and "quality lists" created weekly by defendant, which showed that the quality of plaintiff's work was at or near the best during July, the month before her discharge. Furthermore, the trial court did not abuse its discretion by denying defendant's motion for a new trial.

**Am Jur 2d, Job Discrimination §§ 2003 et seq.; Wrongful Discharge §§ 237, 238.**

5. **Labor and Employment § 75 (NCI4th) — retaliatory discharge for filing workers' compensation claim — motion to compel medical exam after verdict — denied**
The trial court did not err by refusing to order an independent medical examination of plaintiff where plaintiff · had

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

won a retaliatory discharge action and the court had ordered reinstatement. Reinstatement is expressly provided as a remedy for a successful retaliatory discharge claimant in N.C.G.S. § 97-6.1(b). Defendant had the right to compel an independent medical examination under N.C.G.S. § 1A-1, Rule 35 during pretrial discovery but chose not to exercise that right, knowing the possible consequences if plaintiff was successful.

**Am Jur 2d, Workers' Compensation § 504; Wrongful Discharge § 247.**

Appeal by defendant from judgment entered 25 March 1991 and order entered 26 March 1991 by Judge James M. Long in Surry County Superior Court. Heard in the Court of Appeals 15 September 1992.

Plaintiff first worked for defendant, a hosiery manufacturer, from 1949 until the time of her pregnancy in 1962. Plaintiff resumed her employment as a knitter with defendant in 1972. At the time of her discharge on 19 August 1987, plaintiff's duties included overseeing approximately 40 knitting machines and inspecting the quality of manufactured socks.

Plaintiff claimed that she was injured twice during her employment. Plaintiff alleged that she injured her back and leg when she slipped and fell on some flat cardboard boxes while attempting to get a spool of yarn on 15 June 1984. Plaintiff reported her injury to defendant but did not file a workers' compensation claim at that time. Plaintiff alleged that her second injury occurred on 26 June 1987, when one of defendant's employees, in the process of moving boxes, struck her from behind, injuring the back of her head, her upper back, her neck, and her ribs.

Defendant discharged plaintiff on 19 August 1987. Approximately six weeks after her termination, plaintiff filed workers' compensation claims for her alleged 15 June 1984 and 26 June 1987 injuries. Plaintiff filed suit against defendant on 25 November 1987, alleging that defendant violated G.S. § 97-6.1 by discharging her in retaliation for her filing the workers' compensation claims. Defendant argued that plaintiff was discharged because of the poor quality of her work and that prior to her discharge, plaintiff received several warnings from management to either improve the quality of her work or face termination.

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

On 31 October 1988, a Deputy Commissioner of the North Carolina Industrial Commission entered an order denying plaintiff compensation for her alleged injuries, ruling that the 1984 claim was barred by the statute of limitations and that the 1987 claim was not based on a compensable injury. This decision was affirmed by the Full Commission on 13 June 1989 and by the North Carolina Court of Appeals on 21 August 1990.

A jury trial on the retaliatory discharge claim began on 22 January 1991. On 23 January 1991, the trial court ruled that defendant could not introduce as substantive evidence the findings of the Deputy Commissioner, the Full Commission, or the Court of Appeals. The trial court further ruled that plaintiff's testimony before the Deputy Commissioner could be used only for impeachment purposes. On 28 January 1991, the jury returned a verdict finding that plaintiff was wrongfully discharged and awarding her $82,200 in damages as follows: $60,000 for loss of earnings, $12,000 for loss of health insurance benefits, $7,200 for loss of defendant's contributions to Social Security, $2,000 for loss of profit sharing, and $1,000 for mental and emotional distress. On 25 March 1991, the trial court ordered plaintiff's reinstatement to her former position with defendant.

On 26 March 1991, the trial court denied defendant's motion for judgment notwithstanding the verdict, motion for a new trial, and motion to compel plaintiff to undergo a medical examination in the event of reinstatement. On 10 April 1991, the trial court granted defendant's motion to stay reinstatement of plaintiff as an employee pending appeal and motion to stay execution of the judgment pending appeal. On 29 April 1991, defendant again filed a motion to compel a medical examination of plaintiff. The trial court dismissed this motion on 3 May 1991. Defendant appeals.

*Franklin Smith and Brian K. Flatley for plaintiff-appellee.*

*Constangy, Brooks & Smith, by W. R. Loftis, Jr. and Robin E. Shea, for defendant-appellant.*

EAGLES, Judge.

Defendant brings forth six assignments of error. After a careful examination of the record before us, we affirm.

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

I.

[1] In its first assignment of error, defendant argues that the trial court erred by excluding the Industrial Commission's findings that plaintiff's alleged injuries were not compensable. Defendant contends that the trial court should have admitted these findings based on the principles of res judicata. We disagree.

Regarding the application of the doctrine of res judicata, our Supreme Court has stated:

As we recently noted in Duke 1988 [State ex rel. Utilities Commission v. Public Staff, 322 N.C. 689, 370 S.E.2d 567 (1988)]:

The doctrine of res judicata treats a final judgment as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." C. Wright, Federal Practice and Procedure, § 4402 (1969). "The essential elements of res judicata are: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Hogan v. Cone Mills Corporation, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985).

Duke 1988, 322 N.C. at 692, 370 S.E.2d at 569; see, e.g., In re Trucking Co., 285 N.C. 552, 560, 206 S.E.2d 172, 177-78 (1974). More specifically, in addressing the issue of whether a Commission order can be deemed res judicata this Court has held that "only specific questions actually heard and finally determined by the Commission in its judicial character are res judicata, and then only as to the parties to the hearing." Utilities Commission v. Area Development, Inc., 257 N.C. 560, 570, 126 S.E.2d 325, 333 (1962) (emphasis added).

State ex rel. Utilities Commission v. Thornburg, 325 N.C. 463, 468, 385 S.E.2d 451, 453-54 (1989).

Here, defendant's res judicata arguments fail because this is a claim of retaliatory discharge under G.S. § 97-6.1 and is not the same cause of action that plaintiff brought before the Industrial Commission. A different set of rights was determined in each forum. "North Carolina law has long prohibited the use of a previous finding of a court as evidence of the fact found in another tri-

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

bunal. *Masters v. Dunstan*, 256 N.C. 520, 124 S.E.2d 574 (1962)."
*Reliable Properties, Inc. v. McAllister*, 77 N.C. App. 783, 787, 336
S.E.2d 108, 110 (1985), *disc. review denied*, 316 N.C. 379, 342 S.E.2d
897 (1986). In *Masters*, 256 N.C. at 524, 124 S.E.2d at 576-77, our
Supreme Court held that:

> An estoppel by judgment arises when there has been a final
> judgment or decree, necessarily determining a fact, question,
> or right in issue, rendered by a court of record and of compe-
> tent jurisdiction, and there is a later suit involving an issue
> as to the identical fact, question or right theretofore deter-
> mined, and involving identical parties or parties in privity
> with a party or parties to the prior suit. *Cannon v. Cannon*,
> 223 N.C. 664, 28 S.E.2d 240; *Distributing Co. v. Carraway*,
> 196 N.C. 58, 114 S.E.2d 535.

The purpose of the Industrial Commission hearing is to deter-
mine whether the employee has suffered an injury for which he
or she is entitled to receive compensation under the Workers' Com-
pensation Act. *See Hanks v. Utilities Co.*, 210 N.C. 312, 186 S.E.
252 (1936); *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d
477 (1985); G.S. § 97-77; G.S. § 97-91. An employee's G.S. § 97-6.1
civil case is brought independently of the Industrial Commission
hearing in order to protect the employee's right to file a workers'
compensation claim before the Industrial Commission, notwithstand-
ing the Commission's adverse findings regarding the employee's
alleged injury. The public policy behind G.S. § 97-6.1 is to promote
an open environment in which employees can pursue their remedies
under the Workers' Compensation Act without the fear of retalia-
tion from their employers. *See Wright v. Fiber Industries, Inc.*,
60 N.C. App. 486, 299 S.E.2d 284 (1983); *Henderson v. Traditional
Log Homes, Inc.*, 70 N.C. App. 303, 319 S.E.2d 290, *disc. review
denied*, 312 N.C. 622, 323 S.E.2d 923 (1984).

II.

[2] In its second assignment of error, defendant contends that
the trial court erred by excluding defendant's evidence of similarly
situated employees. One set of employees included those who were
discharged for the poor quality of their work. Another set of
employees included those who returned to their jobs without inci-
dent after filing workers' compensation claims. Defendant argues
that the exclusion of this evidence was reversible error. We disagree.

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

Defendant bases its argument on the manner in which "disparate treatment" employment discrimination cases are litigated under federal law. Defendant asserts in its brief that "[a] policy that is applied equally to all employees—even an unfair policy—does not constitute unlawful discrimination." In this regard, defendant argues that "[a]n action for retaliatory discharge [under G.S. § 97-6.1] is analogous to an action for employment discrimination under federal law." We disagree.

Defendant appears to argue that an employer who treats all employees alike could potentially discharge all employees who file workers' compensation claims and be free of the sanctions of the Workers' Compensation Act. Defendant's interpretation would circumvent the intent of the legislature and must not prevail.

Defendant's reasoning is inconsistent with the legislature's intent in creating G.S. § 97-6.1 and with the overall goals of the Workers' Compensation Act. In *Wright*, 60 N.C. App. at 491, 299 S.E.2d at 287, this Court interpreted the legislature's intent in enacting G.S. § 97-6.1 as follows:

Clearly, G.S. 97-6.1 was intended to prevent employers from firing or demoting employees in retaliation for pursuing their remedies under the Workers' Compensation Act. If G.S. 97-6.1 were limited only to retaliatory acts which occurred after the employee filed his claim, an employer could easily avoid the statute by firing the injured employee before he filed. We do not think the legislature intended the statute to be so easily circumvented.

The courts of this State have recognized that the Workers' Compensation Act should be liberally construed so that benefits will not be denied by technical, narrow, or strict interpretation. *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E.2d 281 (1972); *Johnson v. Asheville Hosiery Co.*, 199 N.C. 38, 153 S.E. 591 (1930). Liberally construed, the statute encompasses acts by employers intending to prevent employees from exercising their rights under the Workers' Compensation Act.

This assignment of error fails.

III.

[3] In its third assignment of error, defendant argues that the trial court should not have submitted the issue of emotional dis-

tress damages to the jury, because this is not a form of "reasonable damages" that a discharged employee may recover under G.S. § 97-6.1(b). We disagree.

Initially, we note that in *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 296-97, 395 S.E.2d 85, 92-93, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990), our Supreme Court held that emotional distress damages may be based upon a claim for breach of contract or tort. G.S. § 97-6.1(b) provides that, "[a]ny employer who violates any provision of this section shall be liable in a civil action for reasonable damages *suffered by an employee* as a result of the violation . . ." (emphasis added). The phrase "suffered by an employee," found in G.S. § 97-6.1(b), has been interpreted by this Court according to its plain meaning. *Buie v. Daniel International*, 56 N.C. App. 445, 447, 289 S.E.2d 118, 119, *disc. review denied*, 305 N.C. 759, 292 S.E.2d 574 (1982) ("Punitive damages, by their very nature, are not damages 'suffered' by anyone. Rather, they are damages awarded to punish a wrongdoer, over and above the amount required to compensate for the injury."). Unlike the punitive damages sought by the plaintiff in *Buie*, emotional distress damages are a form of damages "suffered by an employee" and accordingly are recoverable as a form of "reasonable damages" in a civil action brought by an employee under G.S. § 97-6.1. *See also Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 434-35, 378 S.E.2d 232, 234 (1989), *review dismissed*, 326 N.C. 356, 388 S.E.2d 769 (1990); *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 488-90, 340 S.E.2d 116, 120-21, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 140 (1986).

## IV.

[4] In its next two assignments of error, defendant argues that the trial court erred by not granting its motion for judgment notwithstanding the verdict, or in the alternative, its motion for new trial. Defendant alleges that there was insufficient evidence to support the verdict. We disagree.

Upon review of a motion for judgment notwithstanding the verdict, "[t]he trial court must consider all the evidence in the light most favorable to the non-movant and must resolve in favor of the non-movant contradictions, conflicts and inconsistencies in the evidence." *Williams v. Randolph*, 94 N.C. App. 413, 418, 380 S.E.2d 553, 556, *disc. review denied*, 325 N.C. 437, 384 S.E.2d 547

ABELS v. RENFRO CORP.

[108 N.C. App. 135 (1992)]

(1989) (citations omitted). Plaintiff's recovery was based on G.S. § 97-6.1, which provides in pertinent part:

> (a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

To recover under the statute, plaintiff must show that her discharge was caused by her good faith institution of the workers' compensation proceedings or by her testimony or her anticipated testimony in those proceedings. *Hull v. Floyd S. Pike Electrical Contractor*, 64 N.C. App. 379, 307 S.E.2d 404 (1983).

Plaintiff provided sufficient evidence at trial to withstand the judgment n.o.v. motion. At trial, plaintiff introduced evidence of: (1) the events causing her injuries; (2) the injuries themselves; (3) the treatment she received for each of the injuries; and (4) her filing the workers' compensation claims based upon those injuries. Additionally, plaintiff introduced "quality lists" created weekly by the defendant. These lists ranked each employee according to the percentage of defects that existed in each employee's work. These lists demonstrated that the quality of plaintiff's work was at or near the best during July 1987, the month following plaintiff's second injury.

Defendant contends that plaintiff's discharge was not retaliatory because it has a "neutral" employee discharge policy, based upon an employee's continuous absence from work for more than six months. Here, plaintiff requested only a one month leave of absence at the time she was discharged. Plaintiff presented a witness, Dr. Joseph Jackson, who testified that "there was no reason to think that she [plaintiff] wouldn't be able to at least make an attempt to resume her normal employment" after a one month leave of absence. Accordingly, we find no error in the trial court's denial of defendant's motions as there was sufficient evidence to support the jury's verdict.

As to defendant's motion for new trial, we find that the trial court correctly denied the motion. "An appellate court's review of a trial judge's discretionary ruling denying a motion to set aside a verdict and order a new trial is limited to a determination of whether the record clearly demonstrates a manifest abuse of dis-

cretion by the trial judge. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982)." *Pittman v. Nationwide Mutual Fire Ins. Co.*, 79 N.C. App. 431, 434-35, 339 S.E.2d 441, 444, *disc. review denied*, 316 N.C. 733, 345 S.E.2d 391 (1986). The record here does not demonstrate an abuse of discretion by the trial court.

V.

[5]   Finally, defendant contends that the trial court erred by denying defendant's motion, filed approximately six weeks after trial, to compel plaintiff to undergo an independent medical examination, the purpose of which would be to determine whether she was capable of performing her duties as a knitter. We disagree.

G.S. § 97-6.1(b) expressly provides reinstatement as a remedy for a successful retaliatory discharge claimant. "[A]n employee discharged or demoted in violation of this section shall be entitled to be reinstated to his [or her] former position." *Id*. During pretrial discovery, defendant had the right to compel plaintiff to undergo an independent medical examination under Rule 35 of the North Carolina Rules of Civil Procedure. G.S. § 1A-1, Rule 35. Knowing the possible consequences of G.S. § 97-6.1 if plaintiff was successful, defendant chose not to exercise that right. Accordingly, we find no error in the trial court's refusal to order an independent medical examination of plaintiff.

VI.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

Judges JOHNSON and PARKER concur.