VIRGINIA P. ABELS v. RENFRO CORPORATION

No. 33PA93

(Filed 3 December 1993)

1. **Rules of Civil Procedure § 50 (NCI3d) — motion for judgment n.o.v. — motion for directed verdict — same standard**

In essence, a motion for judgment notwithstanding the verdict is a renewal of the movant's prerequisite motion for a directed verdict, and the same standard should be used in the determination of the sufficiency of the evidence with regard to both motions. N.C.G.S. § 1A-1, Rule 50(b)(1).

**Am Jur 2d, Trial §§ 862, 863, 1953.**

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

2. **Rules of Civil Procedure § 50.3 (NCI3d)— motion for directed verdict—consideration and sufficiency of evidence**

A motion for directed verdict tests the sufficiency of the evidence to take the case to the jury. In making its determination of whether to grant the motion, the trial court must examine all of the evidence in a light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences that may be drawn from that evidence. If the trial judge finds that there is evidence to support each element of the nonmoving party's cause of action, the motion for directed verdict and any subsequent motion for judgment notwithstanding the verdict should be denied.

**Am Jur 2d, Trial §§ 850 et seq.**

3. **Labor and Employment § 75 (NCI4th)— retaliatory discharge for workers' compensation claim—sufficiency of evidence**

There was sufficient evidence to support an inference that plaintiff was fired because defendant employer anticipated her good-faith filing of a workers' compensation claim so that her claim for retaliatory discharge in violation of former N.C.G.S. § 97-6.1 was properly submitted to the jury where plaintiff's evidence tended to show that she worked for defendant from 1949 until 1962 and then again from 1972 until she was discharged in 1987; after her first injury in 1984, she was allowed to engage in light work until she could return to her regular duties; her production was good throughout her employment, even after her second injury in 1987; defendant was aware that plaintiff had been injured again in 1987 while at work and that her doctor had requested that she be given a one-month leave of absence; plaintiff was discharged shortly after her second injury; and plaintiff later filed a workers' compensation claim based upon the injuries sustained while working for defendant.

**Am Jur 2d, Workers' Compensation §§ 39 et seq.**

4. **Labor and Employment § 75 (NCI4th); Evidence and Witnesses § 108 (NCI4th)— retaliatory discharge claim—comparative evidence—treatment of similarly situated employees**

In an action under N.C.G.S. § 97-6.1 for retaliatory discharge for filing a workers' compensation claim, evidence of the em-

ployer's treatment of similarly situated employees is admissible to show the employer's motive for discharging plaintiff employee. Therefore, evidence offered by defendant of the discharge for poor quality work of other employees who never filed workers' compensation claims and evidence of other employees who filed workers' compensation claims and returned to work without incident should have been admitted to support defendant's defense under N.C.G.S. § 97-6.1(c) that plaintiff was fired because of the continued low quality of her work after repeated warnings.

**Am Jur 2d, Evidence §§ 298 et seq.; Workers' Compensation §§ 39 et seq.**

5. **Labor and Employment § 75 (NCI4th); Damages § 29 (NCI4th) — retaliatory discharge — insufficient evidence of emotional distress**

Assuming *arguendo* that plaintiff may recover damages for emotional distress in an action for retaliatory discharge for filing a workers' compensation claim and that plaintiff's allegations of such damages were adequate, the evidence was insufficient to show any mental or emotional disturbance on the part of plaintiff resulting from defendant's actions.

**Am Jur 2d, Damages § 185; Workers' Compensation §§ 39 et seq.**

6. **Evidence and Witnesses § 1380 (NCI4th) — findings in workers' compensation action — not res judicata in retaliatory discharge action**

Findings by the Industrial Commission that plaintiff's injuries were not compensable were not *res judicata* in plaintiff's action for retaliatory discharge for filing a workers' compensation claim since plaintiff's retaliatory discharge claim is not dependent upon a finding of compensability of plaintiff's injuries and the two actions do not involve the same claim. Therefore, the trial court properly refused to admit those findings in plaintiff's retaliatory discharge action.

**Am Jur 2d, Evidence §§ 738 et seq.**

7. **Labor and Employment § 75 (NCI4th) — retaliatory discharge — conflicting evidence — judgment n.o.v. not warranted**

The trial court did not err by denying defendant employer's motion for judgment notwithstanding the verdict in plaintiff's

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

action for retaliatory discharge on the ground that defendant had a policy of discharging employees if they were not able to return to work after a six-month leave of absence due to injury and that plaintiff should not be allowed to recover for any compensation she lost beyond that point, or on the alternative ground that the evidence showed that plaintiff was able to work after her injury and should have been held responsible for mitigation of damages by engaging in other employment, where the evidence in support of each of these two contentions was conflicting.

**Am Jur 2d, Workers' Compensation §§ 39 et seq.**

Justice PARKER did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 108 N.C. App. 135, 423 S.E.2d 479 (1992), affirming a judgment for plaintiff entered 25 March 1991 on a claim of retaliatory discharge in violation of N.C.G.S. § 97-6.1[1] by Long (James M.), J., after a jury trial at the 22 January 1991 Civil Session of Superior Court, Surry County, and an order entered 26 March 1991 denying defendant's motion, *inter alia*, for judgment notwithstanding the verdict. Heard in the Supreme Court 14 September 1993.

*Franklin Smith for plaintiff-appellee.*

*Constangy, Brooks & Smith, by W.R. Loftis, Jr., and Robin E. Shea, for defendant-appellant.*

MEYER, Justice.

In this case we decide, *inter alia*, whether, in an employee discharge case instituted pursuant to N.C.G.S. § 97-6.1, evidence of the employer's treatment of similarly situated employees is admissible to show the employer's motive for discharging the employee. We hold that such evidence is admissible.

Plaintiff began her employment as a knitter with defendant in 1949 and continued working until she became pregnant in 1962. Plaintiff resumed her employment with defendant in 1972. At the

---

1. After initiation and trial of this action, this statute was repealed; the pertinent statute is now N.C.G.S. § 95-241.

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

time of her discharge on 19 August 1987, plaintiff's duties included overseeing approximately forty knitting machines and inspecting the quality of manufactured socks.

Plaintiff alleged that she was injured when she slipped and fell on some cardboard boxes on 15 June 1984. Plaintiff reported this injury to defendant but did not file a workers' compensation claim at that time. Plaintiff also alleged a second injury, which occurred on 26 June 1987 when an employee of defendant, in the process of moving boxes, struck her from behind, injuring the back of her head, her upper back, her neck, and her ribs.

Defendant discharged plaintiff on 19 August 1987. Approximately six weeks after her termination, plaintiff filed workers' compensation claims for her alleged 15 June 1984 and 26 June 1987 injuries. Plaintiff filed suit against defendant on 25 November 1987, alleging that defendant violated N.C.G.S. § 97-6.1 by discharging her in retaliation for her anticipated filing of workers' compensation claims. Defendant argued that plaintiff was fired due to the poor quality of her work and that prior to her discharge, she received several warnings from management to either improve the quality of her work or face termination.

Plaintiff's workers' compensation claims were denied. The Industrial Commission found that her 1984 claim was barred by the statute of limitations and that the 1987 claim was not based on a compensable injury. This decision was affirmed by the full Commission on 13 June 1989 and by the Court of Appeals on 21 August 1990.

A jury trial on the retaliatory discharge claim began on 22 January 1991. On 23 January 1991, the trial court ruled that defendant could not introduce as substantive evidence the findings of the Deputy Commissioner, the full Commission, or the Court of Appeals with regard to the injuries alleged to have been sustained by plaintiff.

On 28 January 1991, the jury returned a verdict finding that plaintiff was wrongfully discharged in violation of N.C.G.S. § 97-6.1 and awarded her $82,200 in damages as follows: $60,000 for loss of earnings, $12,000 for loss of health insurance benefits, $7,200 for loss of defendant's contributions to Social Security, $2,000 for loss of profit sharing, and $1,000 for mental and emotional distress.

On 25 March 1991, the trial court entered judgment for that amount and ordered plaintiff's reinstatement to her former position.

Defendant's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial was denied by the trial court on 26 March 1991.

Defendant appealed to the Court of Appeals, which unanimously affirmed the decision of the trial court. *Abels v. Renfro Corp.*, 108 N.C. App. 135, 423 S.E.2d 479 (1992).

Defendant brings forth five assignments of error. In its first assignment of error, defendant contends that the Court of Appeals erred in affirming the trial court's denial of defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Defendant suggests that this Court adopt the complicated analysis used in federal employment discrimination cases as a model for how a retaliatory discharge case based upon the filing of a workers' compensation claim should be developed in our North Carolina courts. We decline to do so. Instead, we rely on the terms of the statute itself to determine what showing is necessary to withstand a motion for directed verdict and subsequent motion for judgment notwithstanding the verdict.

[1] We first note that Rule 50 of the North Carolina Rules of Civil Procedure provides that a motion for judgment notwithstanding the verdict "shall be granted if it appears that the motion for directed verdict could properly have been granted." N.C.G.S. § 1A-1, Rule 50(b)(1) (1990). In essence, a motion for judgment notwithstanding the verdict is a renewal of the movant's prerequisite motion for a directed verdict. *Taylor v. Walker*, 320 N.C. 729, 360 S.E.2d 796 (1987); *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E.2d 333 (1985). Accordingly, the same standard should be used in the determination of the sufficiency of the evidence with regard to both motions. *E.g., Abernathy v. Consolidated Freightways Corp.*, 321 N.C. 236, 362 S.E.2d 559 (1987), *reh'g denied*, 321 N.C. 747, 366 S.E.2d 855 (1988); *Northern Nat'l Life Ins. v. Miller Machine Co.*, 311 N.C. 62, 316 S.E.2d 256 (1984).

[2] A motion for directed verdict tests the sufficiency of the evidence to take the case to the jury. *In Re Will of Jarvis*, 334 N.C. 140, 143, 430 S.E.2d 922, 923 (1993); *United Labs v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). In making its determination of whether to grant the motion, the trial court must

examine all of the evidence in a light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences that may be drawn from that evidence. *Anderson v. Butler*, 284 N.C. 723, 730-31, 202 S.E.2d 585, 590 (1974). If, after undertaking such an analysis of the evidence, the trial judge finds that there is evidence to support each element of the nonmoving party's cause of action, then the motion for directed verdict and any subsequent motion for judgment notwithstanding the verdict should be denied. *In Re Will of Jarvis*, 334 N.C. 140, 143, 430 S.E.2d 922, 923; *Braswell v. Braswell*, 330 N.C. 363, 367, 410 S.E.2d 897, 899 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992).

Plaintiff in this case bases her claim on N.C.G.S. § 97-6.1, the pertinent portion of which reads as follows:

(a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

N.C.G.S. § 97-6.1(a) (1991) (repealed effective October 1992). As the Court of Appeals noted, in order for a plaintiff to recover in an action brought pursuant to N.C.G.S. § 97-6.1, "plaintiff must show that her discharge was caused by her good faith institution of the workers' compensation proceedings or by her testimony or her anticipated testimony in those proceedings." *Abels v. Renfro Corp.*, 108 N.C. App. 135, 143, 423 S.E.2d 479, 483 (1992) (citing *Hull v. Floyd S. Pike Electrical Contractor*, 64 N.C. App. 379, 307 S.E.2d 404 (1983)). The Court of Appeals has also held that a plaintiff can survive a Rule 12(b)(6) motion to dismiss his claim even if he is fired before he files his workers' compensation claim. In *Wright v. Fiber Industries, Inc.*, 60 N.C. App. 486, 299 S.E.2d 284 (1983), the Court of Appeals noted that

[i]f G.S. 97-6.1 were limited only to retaliatory acts which occurred after the employee filed his claim, an employer could easily avoid the statute by firing the injured employee before he filed.

*Id.* at 491, 299 S.E.2d at 287. We agree.

[3] A careful reading of the transcript reveals that the evidence taken in the light most favorable to the plaintiff was as follows:

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

Plaintiff testified that she worked for defendant, Renfro Corporation, from 1949 until 1962, and then again from 1972 until she was discharged in 1987. She testified that throughout her employment, even after her second injury, her production was good. There was evidence that after her first injury in 1984, she was allowed to engage in light work until she could return to her regular duties. There was also evidence that Renfro Corporation was aware that plaintiff had been injured again in 1987 while at work and that her doctor had requested that she be given a one-month leave of absence. Shortly after the injury, she was discharged. Plaintiff later filed a workers' compensation claim based upon the injuries sustained while working for defendant Renfro Corporation.

We conclude that, although the evidence of causal connection between the discharge and filing of the workers' compensation claim is weak, the jury could have inferred that Renfro, having earlier escaped a workers' compensation claim by allowing plaintiff to continue earning her salary at lighter duties, eventually concluded, upon her second injury, that this prospect was no longer to be avoided and that, in order to forestall the anticipated filing of a workers' compensation claim, the most expedient remedy would be to discharge plaintiff. We thus hold that there was sufficient evidence to support an inference that plaintiff was fired because defendant Renfro Corporation anticipated her good-faith filing of a workers' compensation claim, and accordingly, defendant's motion for a judgment notwithstanding the verdict was properly denied.

[4] We next address the question of whether it was error for the trial court to prohibit defendant from introducing evidence of its treatment of similarly situated employees. We hold that it was error requiring a new trial.

Defendant Renfro Corporation offered substantial evidence that plaintiff was discharged, not because of any anticipated filing of a workers' compensation claim, but because of the continued low quality of plaintiff's work after repeated warnings. Defendant also attempted to·introduce evidence of the discharge for poor quality work of other employees who never filed workers' compensation claims and evidence of other employees who filed workers' compensation claims and returned to work without incident. This evidence was offered to rebut plaintiff's assertion that she was fired because defendant anticipated her filing a workers' compensation claim as a result of her 1984 and 1987 injuries.

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

We first note that under Rule 401 of the North Carolina Rules of Evidence, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1992). What defendant would have attempted to prove by the introduction of comparative evidence was that plaintiff was discharged "for failure to meet employer work standards not related to the Workers' Compensation Claim," a specifically listed defense to the cause of action established by N.C.G.S. § 97-6.1. N.C.G.S. § 97-6.1(c). It thus becomes apparent that, in this type of claim, after it has been established that the employee was in fact discharged and that she had filed or was about to file a workers' compensation claim, the question of the motive of the employer is determinative. "The *motive* which prompts a person to do a particular act is seldom an essential element of a cause of action or defense, and therefore it need not ordinarily be proved." 1 Henry Brandis, Jr., *Brandis on North Carolina Evidence* § 83 (3d ed. 1988). In this type of case, however, the employer's motivation is critically important. This particular statute was designed to protect employees who have been fired because the employee has instituted, or those whom the employer anticipates will in good faith institute, a proceeding under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-6.1(a). The statute contains several specifically listed defenses to such an action:

(c) Any employer shall have as an affirmative defense to this section the following: willful or habitual tardiness or absence from work or being disorderly or intoxicated while at work, or destructive of an employer's property; or for *failure to meet employer work standards not related to the Workers' Compensation Claim*; or malingering; or embezzlement or larceny of employer's property; or for violating specific written company policy of which the employee has been previously warned and for which the action is a stated remedy of such violation.

N.C.G.S. § 97-6.1(c) (emphasis added).

The employer's primary defense in these cases rests upon its ability to present evidence that the employee was fired for other reasons, particularly those reasons listed in the statute as defenses to the claim.

ABELS v. RENFRO CORP.

[335 N.C. 209 (1993)]

This Court, in its first employment discrimination case brought under N.C.G.S. § 143-422.2, noted that it would "look to federal decisions for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases." *Dept. of Correction v. Gibson*, 308 N.C. 131, 136, 301 S.E.2d 78, 82 (1983). Though not controlling, we note that federal courts have long allowed this type of comparative evidence in employment discrimination cases. *E.g., McDonnell Douglas v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668 (1973); *Miller v. CertainTeed Corp.*, 971 F.2d 167 (8th Cir. 1992); *Canady v. J.B. Hunt Transport, Inc.*, 970 F.2d 710 (10th Cir. 1992).

In a case such as this, the motivation of the employer in the dismissal of the employee is the primary issue to be decided by the jury. It is unlikely that either plaintiff or defendant will be able to present any direct evidence of the employer's state of mind in the making of the decision. Thus, critical to this determination would be evidence of how the employer has treated similarly situated employees in the past and how it was treating them at the time of the disputed discharge. This evidence, though circumstantial in nature, is perhaps the best indication, other than the testimony of the parties themselves, of the rationale of the employer for the discharge. We conclude that in this case, defendant was deprived of the only effective means available to it to rebut plaintiff's claim of wrongful or retaliatory discharge. We therefore hold that defendant should be afforded an opportunity to present this evidence to the jury in a new trial.

[5] Defendant also contends that the issue of emotional distress should not have been presented to the jury. We agree. Plaintiff's complaint alleged that she had "suffered great mental and emotional disturbance as a result of the cruel and barbaric treatment and manner and way she has been treated by the Defendant corporation." Assuming *arguendo* that plaintiff may recover for such damages under the terms of the statute in question and that the allegations of such damages in this case are adequate, the transcript of the evidence presented reveals no evidence whatsoever of mental or emotional disturbance on the part of plaintiff resulting from defendant's actions. The trial court erred in submitting this issue to the jury.

[6] Defendant next contends that the Court of Appeals erred in affirming the trial court's refusal to admit the Industrial Commis-

sion's findings that plaintiff's injuries were not compensable. Defendant argues that these findings are *res judicata*, and as such, counsel for defendant should have been allowed to present these findings as evidence that Renfro Corporation did not engage in any wrongdoing with regard to plaintiff's filing of her workers' compensation claims. Defendant's reliance on the doctrine of *res judicata* is misplaced. "Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citing *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)). The claim brought before the Industrial Commission concerned the compensability of plaintiff's injuries under the Workers' Compensation Act. The present claim is in no way dependent upon a finding of compensability of the injuries alleged to have been sustained by plaintiff. The focus of a claim under N.C.G.S. § 97-6.1 is the determination of whether plaintiff was discharged because she filed or intended to file a workers' compensation claim. The two actions do not involve the same claim. Accordingly, the doctrine of *res judicata* does not apply.

[7] We now turn to defendant's argument that because Renfro Corporation had a policy of discharging employees if they were not able to return to work after a six-month leave of absence due to injury, plaintiff should not be allowed to recover for any compensation she alleges to have lost beyond that point. Defendant bases this contention on a statement made by plaintiff in a deposition, taken some eight months after her discharge, that she was, at that time, still unable to work. Based upon this remark by plaintiff, defendant contends that it is entitled to a judgment notwithstanding the verdict or to a new trial, as the evidence did not support the damage award. In the alternative, defendant contends that other evidence showed that plaintiff was able to work after her injury, and accordingly, she should have been held responsible for the mitigation of damages by engaging in other employment. Without engaging in a discussion of the merits of defendant's alternative arguments, we simply note that the evidence in support of each of these two contentions is by its very nature in conflict, and accordingly, a judgment notwithstanding the verdict is not proper.

We conclude that it was prejudicial error for the trial court to exclude defendant's comparative evidence of similarly situated employees and that, as a result, defendant is entitled to a new trial. We also hold that it was error to submit the issue of emotional distress to the jury, as there was insufficient evidence to support such a finding. We affirm the Court of Appeals' decisions on the denial of the judgment notwithstanding the verdict on grounds that there was no evidence of retaliatory motive, the exclusion of the findings of the Industrial Commission, and the denial of the judgment notwithstanding the verdict on grounds that the damage award was not supported by the evidence. The case is remanded to that court for further remand to the Superior Court, Surry County, for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Justice Parker did not participate in the consideration or the decision of this case.