UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FLOYD BALDWIN,

*Plaintiff-Appellant,*

v.

JIMMY P. FERGUSON; LARRY BAXTER;
CHARLOTTE K. MCDUFFER,

*Defendants-Appellees.*

No. 00-6794

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-97-300-5-F(3))

Submitted: October 17, 2000

Decided: October 31, 2000

Before WIDENER, WILKINS, and KING, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

### COUNSEL

Floyd Baldwin, Appellant Pro Se. G. Christopher Olson, WOMBLE,
CARLYLE, SANDRIDGE & RICE, Raleigh, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Floyd Baldwin appeals the dismissal of his 42 U.S.C.A. § 1983 (West Supp. 2000) action. We dismiss in part and affirm in part, albeit not for the reasons stated by the district court.

Baldwin alleges he injured his knee and then endured three months of pain at the Columbus County Detention Center ("CCDC") because the Defendants would not schedule an immediate appointment with a doctor. In a separate lawsuit, Baldwin alleged CCDC officials were similarly negligent with respect to a subsequent knee injury. The latter suit, although commenced after the instant case, was terminated by summary judgment before the Defendants filed their answer in this suit.

Upon the Defendants' motion, the district court dismissed this case solely on res judicata grounds, ruling that the judgment in Baldwin's other suit precluded this action.* We disagree. As a matter of North Carolina law, *see Heck v. Humphrey*, 512 U.S. 477, 480 n.2 (1994), the facts underlying the two suits were not sufficiently intertwined to give rise to issue preclusion, *see Abels v. Renfro Corp.*, 436 S.E.2d 822, 828 (N.C. 1993).

Nevertheless, Baldwin is not entitled to appellate relief. Baldwin is no longer incarcerated; accordingly, his request for injunctive relief must be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1999); *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975) (per

---

*The district court declined to adopt the portion of a magistrate judge's memorandum and recommendation that recommended denying the Defendants' motion to dismiss on res judicata grounds. The court did not discuss any other aspect of the magistrate judge's memorandum and recommendation.

curiam). Moreover, his monetary claims fail due to insufficient allegations of injury. Baldwin's complaint alleges three months of pain, causing moderate impairment of his ability to walk. These injuries are de minimis and will not support § 1983 liability. *See Taylor v. McDuffie*, 155 F.3d 479, 483-85 (4th Cir. 1998), *cert. denied*, 526 U.S. 1181 (1999).

For these reasons, we dismiss this appeal in part and we affirm in part the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*