I agree with the majority Opinion in this case to the extent that it addresses plaintiff's alleged physical injuries. Plaintiff has failed to establish that she sustained an injury on May 21, 1999 or August 19, 1999, that resulted from an accident or some untoward event. The evidence concerning plaintiff's physical injuries is that they occurred in the normal course of her work activities. Plaintiff's injuries to her shoulder, therefore, are not the result of an "accident" and thereby are not compensable under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6); See Davis v. Raleigh Rental Center,58 N.C. App. 113, 292 S.E.2d 763 (1982) (injury must involve more than the performance of normal duties). Plaintiff, however, also asserts a claim for a back injury, specifically an injury to the neck, which is treated differently under the Act. Plaintiff has established that she sustained an injury to her neck which resulted as a direct result of a specific traumatic incident of assigned work. The neck injury is compensable pursuant to the second sentence of Section 97-2(6) of the Act. See Richards v. Town of Valdese, 92 N.C. App. 222, 374 S.E.2d 116
(1988), cert. denied, 324 N.C. 337, 378 S.E.2d 799 (1989). The evidence, however, established that plaintiff has sustained only two days of disability from her neck injury; therefore, no compensation is currently owed for this condition. N.C.G.S. § 27-28 (establishing a 7 day waiting period).
I disagree with the majority concerning plaintiff's claim(s) for psychological injuries discussed in Finding of Fact 16 of the majority Opinion and Findings of Fact 16 and 17 of the Deputy Commissioner's Opinion. The majority Opinion in this case and the Deputy Commissioner's Opinion differ in that the Deputy Commissioner expressly found that plaintiff's psychological problems stemmed from her shoulder injury in August and not from her neck injury in May. See Opinion Award,Chapman at FOF 16. Although this factual finding was removed from the majority Opinion in this case, it is impliedly found in Conclusion of Law 8 wherein the majority states:
 "Consequently, plaintiff is not entitled to benefits under the Workers' Compensation Act for her shoulder injury or the subsequent psychiatric problems related to her shoulder injury. G.S. § 97-2 et seq."
 I agree with the now omitted Finding of Fact 16 from the Deputy Commissioner's Opinion and the majority's Conclusion of Law 7. I disagree, however, with the majority's Finding of Fact 16 which would tend to indicate that a claim for psychological injury may be pending and was not before the Commission at this time. I believe that the plaintiff's claims for psychological injuries were before the Full Commission and as explained herein should be denied.
 I first note that the Form 44 filed by plaintiff complained of the Deputy Commissioner's Findings of Facts 16 and 17[1] because they were allegedly incorrect on the evidence and because the parties' pre-trial agreement included the issue of whether plaintiff had sustained a compensable psychological injury, either as a new occupational disease or as stemming from her claims for accidental injuries on May 21, 1999 and August 19, 1999. In particular, the pre-trial agreement executed by all parties to this action states:
 "C. Whether the chronic pain along with the harassment, whether perceived or real at work, subsequent to her work related injuries, resulted in either a new occupational disease or stems from the prior alleged injuries, and manifested itself as a major depressive disorder and post traumatic stress syndrome?"
 I agree with plaintiff that the issue of psychological injury, including injury by occupational disease, was before the Deputy Commissioner and thereby that the Deputy Commissioner erred in failing to address this claim. Further, because the issue of psychological injury was also brought to the Full Commission in Plaintiff's Form 44, Brief, and oral argument, the majority errs in failing to address the question of psychological injury by occupational disease.
 PSYCHOLOGICAL INJURY
The Plaintiff alleges that she has sustained a psychological injury, identified as major depressive disorder and post traumatic stress syndrome, either as a consequence of her specific accidental or traumatic injuries of May 21 or August 19, 1999, or alternatively, as an occupational disease. As addressed above, and in the majority Opinion, plaintiff's claim for psychological injury arising from the May 21 or August 19, 1999, injuries has been denied in this claim. Plaintiff suggests that she sustained psychological injury when Dr. Gramig performed manipulation without sedation on plaintiff's arm for her shoulder injury. Plaintiff contends and defendants agree[2] that Dr. Williams testified that plaintiff's psychological diagnosis of PTSD and major depressive syndrome would not have occurred without the alleged re-injury of plaintiff's shoulder in August 1999. This agreement of the parties is further borne by the deposition testimony of Dr. Williams wherein he testified that absent plaintiff's re-injury to her shoulder (the August 1999 claim) plaintiff would have been able to handle the stresses of work and would not have become suicidal and sustained psychological injury sufficient to achieve the diagnosis of PTSD and depression. (Williams depo. p. 70-85)
The majority Opinion is correct in finding that plaintiff's claim for psychological injury arising from her August 19, 1999, injury is not compensable. (Conclusion of Law 8). The May 21 and August 19, 1999, injuries to the shoulder are not compensable because these injuries were not accidental. N.C.G.S. § 97-2(6). The evidence is that these injuries were sustained in the normal course of plaintiff's activities and there was no evidence of an untoward event. Thus, the shoulder injuries are not compensable. Psychological problems caused or exacerbated by a compensable injury may be compensable. See Toler v.Black Decker, 134 N.C. App. 695, 518 S.E.2d 547, 551 (1999). In this case, however, the underlying injury is not compensable, therefore, the alleged psychological injury resulting from the non-compensable physical injury likewise is not compensable.
Where I disagree with the majority Opinion is the failure to address plaintiff's separate claim for psychological injury resulting from an alleged occupational disease. Plaintiff alleges that she sustained an occupational disease at work caused by a strained working relationship with her supervisor, Dale Posny, which resulted in plaintiff's request to change supervisors and a job performance meeting with John Langerman, Jerry Kracht, Wendy Neely, and Dale Posny. The majority Opinion addresses the evidence concerning plaintiff's psychological injury, in part, at Finding of Facts 2, 10, and 11. In addition to these findings, plaintiff suggests that she was placed in a hostile work environment which was due, at least in part, from her work injur(ies). These issues are before the Commission and should be addressed.
Viewing plaintiff's contentions in the best light possible (and without weighing whether they are supported by the greater weight of the competent evidence), plaintiff has failed to establish a compensable claim for an occupational disease under the Workers' Compensation Act. First, the evidence fails to establish that plaintiff's psychological conditions are characteristic of and peculiar to her employment and that plaintiff's employment placed her at an increased risk of developing PTSD and depression. N.C.G.S. § 97-53(13). Second, stress caused by job performance generally is not compensable under the Workers' Compensation Act. Cross v. Blue Cross/Blue Shield, 104 N.C. App. 284, 409 S.E.2d 103
(1991). Third, injury for retaliatory discrimination, including discrimination for asserting workers' compensation rights, and other employment torts generally are not covered under the Workers' Compensation Act and are not precluded by the exclusive remedy of workers' compensation. See Busher v. Southern Food Service,73 F. Supp.2d 556 (M.D.N.C. 1999) (claim for emotional distress arising from termination and denial of FMLA not precluded by Act); Harrison v.Edison Brothers Apparel Stores, Inc., 724 F. Supp. 1185 (M.D.N.C. 1989) (emotional damage claim based on acts not in the normal course of employment not precluded by Act); Hogan v. Forsyth Country Club,79 N.C. App. 482, 340 S.E.2d 116, disc. review denied, 317 N.C. 334,346 S.E.2d 140 (1986) (Act does not preclude action for civil wrongs which are outside the scope of the Act); N.C.G.S. § 95-241 et seq. (actions for employment torts). Workers' compensation is not intended to cover all injuries sustained at work and in particular does not cover all of the emotional stresses and strains of the workplace. If it did, there would be no need for Employment Practice Liability Insurance policies and the employment torts which have been created by the state and federal legislatures. Further, the Commission's opinion concerning the validity of the employment claims is immaterial because the claims are not within the jurisdiction of the Commission. See Abels v. Renfro Corp.,108 N.C. App. 135, 423 S.E.2d 479 (1992) (Commission's findings concerning compensability of injury irrelevant to § 97-6.1 claim). Therefore, nothing in this decision precludes plaintiff from prosecuting these claims, if any, in the proper forum.
For the reasons stated above, there is no reason to hold this claim open for further hearing on plaintiff's claims for psychological injury. I respectfully dissent to Finding of Fact 16 of the majority Opinion and would find that plaintiff has not established a claim for psychological injury resulting from the May 21 or August 19, 1999, accidental injuries and has not established an occupational disease stress claim.
Signed this ___ day of October, 2001
 S/______________ RENE C. RIGGSBEE COMMISSIONER
[1] The Deputy Commissioner's Finding of Fact 16 reads:
 "The psychiatric problems for which plaintiff was subsequently treated stemmed from the shoulder injury in August and not from the neck injury in May."
This finding is not included in the majority Full Commission Opinion. Rather, the majority Opinion in Finding of Fact 16 adopts the Deputy Commissioner's Finding of Fact 17 which reads:
 "If a separate claim has been filed alleging that plaintiff's psychiatric difficulties constituted an occupational disease, such claim was not presented at the hearing for determination. Findings have only been made with respect to the two claims set for hearing which alleged that she sustained compensable injuries on May 21 and August 19, 1999."
[2] Defendant's Brief to Full Commission at p. 15.