HUBERT EARL JONES, Son; PEGGY WHITAKER, Daughter; BARBARA JONES TURNER, Daughter; BETTY MALDONADO, Daughter; MARGARET HARRELL RITTER, Daughter; LUCILLE PATE, Daughter; AND NANCY CAROL JONES, Daughter; HUBERT LEE JONES, Deceased v. JAMES D. SUTTON AND IOWA MUTUAL INSURANCE COMPANY

No. 708IC181

(Filed 27 May 1970)

**Master and Servant § 79—    persons entitled to workmen's compensation — 18-year-old daughter — partial dependent**

A daughter who was 18 years old when her father died from an injury arising out of his employment was not entitled to "next of kin" compensation under the Workmen's Compensation Act; but the daughter was entitled to compensation as a partial dependent under G.S. 97-38(2). G.S. 97-2(12), G.S. 97-38(2), G.S. 97-40.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 14 November 1969.

This is an appeal by James D. Sutton, employer, and Iowa Mutual Insurance Company, carrier, from an opinion and award of the North Carolina Industrial Commission awarding compensation under the Workmen's Compensation Act to Nancy Carol Jones (Nancy Carol), daughter of a deceased employee, Hubert Lee Jones (decedent). It was stipulated by the parties that the employer-employee relationship existed between defendant Sutton and decedent, that the defendant Iowa Mutual was the compensation carrier, that on 31 October 1967 decedent sustained an injury by accident arising out of and in the course of his employment with defendant Sutton, and that the injury resulted in decedent's death on said date.

The evidence disclosed that decedent's wife predeceased him; that he was survived by seven children who were married, more than 21 years of age, and not dependent on him for support; and that he was also survived by his daughter Nancy Carol who was partially dependent on him for support.

The hearing commissioner found, among other things, that "Nancy Carol Jones was partially dependent for support upon deceased, and there was no one else, either partially or wholly, dependent for support upon the deceased." The commissioner found that Nancy Carol was born on 12 December 1948 and was 18 years of age at the time of the deceased's death. He made the conclusion of law that Nancy Carol "is entitled to all compensation due by reason of the death of the deceased to the exclusion of all other persons. Nancy Carol Jones is entitled to compensation as the next of kin of the deceased  *  *  *."

On 14 November 1969 the full Commission, with Commissioner Shuford dissenting, adopted the findings, conclusions of law and award of the deputy commissioner and defendants appealed to this Court.

*No counsel for plaintiff appellees.*

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr., for defendant appellants.*

BRITT, J.

Defendants contend that the award of the Industrial Commission is in error on the ground that Nancy Carol is entitled to compensation only as a "partial dependent" under G.S. 97-38(2) and not as "next of kin" under G.S. 97-38(3). G.S. 97-38(3) provides in part:

> "If there is no person wholly dependent, and the person or all persons partially dependent is or are within the class of persons defined as 'next of kin' in G.S. 97-40, * * * he or they may take, share and share alike, the commuted value of the amount provided for whole dependents in (1) above instead of the proportional amount provided for partial dependents in (2) above."

The pertinent clause of G.S. 97-40 provides: "For the purpose of this section and G.S. 97-38, 'next of kin' shall include only child, father, mother, brother or sister of the deceased employee."

Nancy Carol would thus be entitled to compensation under G.S. 97-38(3) as a partial dependent who is also "next of kin" by virtue of being a "child," but for yet another definition found in G.S. 97-2(12):

> " 'Child,' 'grandchild,' 'brother,' and 'sister' include only persons who at the time of the death of the deceased employee are under eighteen years of age."

G.S. 97-2 generally sets out definitions of various terms used in the Workmen's Compensation Act, indicating that the definitions are applicable when the terms are "used in this article, unless the context otherwise requires." We fail to see that the context requires any construction contrary to defining "child" as used in G.S. 97-40 in accordance with G.S. 97-2(12).

In *Hewett v. Garrett*, 274 N.C. 356, 163 S.E. 2d 372 (1968), at page 360, the court said: "G.S. 97-2(12) clearly sets out how a child, legitimate or acknowledged illegitimate, may lose its right as

a child to share in compensation benefits: 1. By reaching the age of 18 years, whether married or single. 2. By marriage before 18 unless after marriage the child continues wholly dependent upon the parent."

We hold that Nancy Carol, as a person over 18 at the time of her father's death, is not a "child" as defined in G.S. 97-2(12), is therefore not "next of kin" as defined in G.S. 97-40, and for that reason is not entitled to "next of kin" compensation conferred by G.S. 97-38(3). Nancy Carol is entitled to compensation as a partial dependent, determined under G.S. 97-38(2).

The order and award appealed from is vacated and this proceeding is remanded to the Industrial Commission for proper order and award consistent with this opinion.

Remanded.

BROCK and HEDRICK, JJ., concur.