Stevenson v. City of Durham

ANNIE NEAL STEVENSON, Sister; CURTIS DANIELS, Brother; ALFRED DANIELS, Brother; O'NEAL DANIELS, Deceased Employee v. CITY OF DURHAM, Employer; Self-Insurer

No. 7114IC497

(Filed 17 November 1971)

**Master and Servant § 79— workmen's compensation — death benefits — next of kin — brothers and sisters**

    The definition of "brother" and "sister" contained in G.S. 97-2(12) applies to those words as used in the definition of "next of kin" in G.S. 97-40 prior to its amendment effective 1 July 1971; consequently, two brothers and a sister of a deceased employee who were all over the age of 18 and married at the time of the employee's death were not entitled to "next of kin" compensation under the Workmen's Compensation Act.

    Chief Judge MALLARD dissenting.

APPEAL by claimants from Opinion and Award of the North Carolina Industrial Commission filed 1 April 1970.

There was no dispute as to the facts, and the Commission adopted the stipulations of the parties which are summarized as follows:

At the time of the death of O'Neal Daniels, an employer-employee relationship existed between him and the defendant. The defendant was a self-insurer. The death resulted from an injury by accident arising out of and in the course of the employment on 18 September 1969. Defendant paid $500.00 for funeral expenses to the administratrix of the estate. Deceased left surviving no wife, children, parents or dependent of any kind. Deceased was survived by two brothers and one sister, all of whom were over the age of eighteen and married at the time of the death of deceased.

The Commission held that under the decision of *Jones v. Sutton,* 8 N.C. App. 302, 174 S.E. 2d 128 (1970), G.S. 97-40, should be construed in *pari materia* with G.S. 97-2(12), and when so construed the claimants were not next of kin and therefore no compensation was due or payable on account of the death of the deceased employee, O'Neal Daniels, except the burial expenses not exceeding $500.00 which had already been paid.

From this opinion and award the claimants appealed.

*Mason H. Anderson for claimant-appellants.*

*C. V. Jones and S. F. Gantt by S. F. Gantt for employer-appellee.*

CAMPBELL, Judge.

As stated in the record, "The question presented by the appeal is as follows: Does the definition of brothers and sisters set out in N.C. § 97-2(12) apply to the definition of 'next of kin' set out in N.C. § 97-40?"

A similar question was presented to this Court and decided in the case of *Jones v. Sutton,* 8 N.C. App. 302, 174 S.E. 2d 128 (1970), and this Court, speaking through Judge Britt, held that G.S. 97-2(12) defined a person over eighteen at the time of father's death as not a child and therefore is not "next of kin" as defined in G.S. 97-40. We think that case is controlling in the present matter.

The appellants, in a very persuasive brief, "urge this Court to reconsider its decision in the JONES case."

The *Jones* case was filed 27 May 1970. The 1971 amendment did not become effective until 1 July 1971 which was after the death in this case. We think the *Jones* case properly construed the Workmen's Compensation Act and correctly held that G.S. 97-40 should be construed in *pari materia* with G.S. 97-2(12). We feel strengthened in this view by the fact that the Supreme Court of North Carolina in *Horney v. Pool Co.,* 267 N.C. 521, 148 S.E. 2d 554 (1966), stated:

> " . . . It is noted that G.S. 97-40 was amended in 1965 (Session Laws of 1965, Chapter 419) so that, *under certain circumstances,* the father, mother or sister of a deceased employee, without reference to dependency, would be entitled to receive death benefits under the Workmen's Compensation Act. . . . " (Emphasis added.)

We are of the opinion that this is not one of the "certain circumstances" when brothers and sisters are entitled to receive death benefits. We adhere to our previous position in the *Jones* case and hold that G.S. 97-40 must be construed with G.S. 97-2(12).

Affirmed.

Judge HEDRICK concurs.

Chief Judge MALLARD dissents and files a dissenting opinion.

Chief Judge MALLARD dissenting.

In my opinion, the majority, by its literal and mechanical approach to the statutes in question in this case, has misinterpreted the legislative intent and purpose of G.S. 97-40, as rewritten by the General Assembly in 1965. I think that the terms "brother" and "sister," as used in the context of G.S. 97-40, were intended in their general and commonly-accepted sense and that no resort to the definitions contained in G.S. 97-2 (12) is either required or permitted.

G.S. 97-2 provides, in part:

"*When used in this article, unless the context otherwise requires—*

                    *         *         *

(12) * * * 'Brother' and 'sister' include stepbrothers and stepsisters . . . but does not include married brothers nor married sisters, unless wholly dependent on the employee. 'Child,' 'grandchild,' 'brother,' and 'sister' include only persons who at the time of death of the deceased employee are under eighteen years of age." (Emphasis added.)

G.S. 97-38, which was discussed in *Jones v. Sutton*, 8 N.C. App. 302, 174 S.E. 2d 128 (1970), establishes three priorities or methods of payment of compensation in cases under the Act where death proximately results from an accident, that is, for full dependents, partial dependents and for those who are partial dependents and "next of kin" as defined in G.S. 97-40. Thus, the language of G.S. 97-38 clearly requires the application of the definition of "next of kin" contained in G.S. 97-40 to its own provisions.

G.S. 97-40, prior to being rewritten in 1965, unmistakably excluded *any non-dependent* from receiving compensation—only wholly or partially dependent next of kin could take.

Stevenson v. City of Durham

In rewriting G.S. 97-40 in 1965, it appears to me that the General Assembly clearly intended to change the former rule that no non-dependent was entitled to any compensation for the death of an employee. G.S. 97-40, as rewritten in 1965 (and applicable in this case), provided in part:

" . . . (I)f the deceased employee *leaves neither whole nor partial dependents,* then the compensation . . . shall be . . . paid in a lump sum to the next of kin *as herein defined. For purposes of this section and G.S. 97-38,* 'next of kin' shall include only child, father, mother, *brother or sister* of the deceased employee. For all such next of kin who are neither wholly nor partially dependent upon the deceased employee and who take under this section . . . .

If the deceased employee leaves neither whole dependents, partial dependents, nor next of kin *as hereinabove defined,* then no compensation shall be due or payable on account of the death of the deceased employee, except that the employer shall pay or cause to be paid the burial expenses of the deceased employee not exceeding five hundred dollars ($500.00) to the person or persons entitled thereto." (Emphasis added.)

In the statute it is stated that "next of kin" as defined in G.S. 97-40, *who are neither wholly nor partially dependent upon the deceased employee,* may now take. (This statute was again amended in 1971 to specifically include adult brothers and sisters.)

It appears to me that the statute was rewritten in 1965 to permit payment of compensation to non-dependent "next of kin," including brothers and sisters of the deceased employee, should such employee not be survived by any dependents. Therefore, the definitions contained in G.S. 97-2(12), which are obviously designed to provide arbitrary tests for dependency, are not pertinent to the correct construction of this portion of G.S. 97-40, and an application of them only serves to subvert or thwart the legislative intent. Inasmuch as dependency is no longer the key to interpreting this portion of G.S. 97-40, this is a legitimate instance where "the context otherwise requires"; that is, where G.S. 97-2(12) should not be applied. It is also one of those "certain circumstances," as referred to by the majority, where the context of the statute requires that the terms "brother" and "sister" be given their ordinary meanings

and not the limited and constricted ones found in G.S. 97-2(12). The doctrine of *pari materia* is not applicable here. To hold otherwise is to give to the statute a strained and unintended interpretation.

I do not agree that *Horney v. Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966), strengthens the majority opinion.

There is no question in the present case but that the plaintiffs are the brothers and sister, as these words are generally used and defined, of the deceased employee. Where the deceased is survived by no actual dependents, G.S. 97-40 no longer requires that the "next of kin," as therein defined, be dependents in order to receive the benefits payable under the Act. Therefore, the requirement that in order to recover herein, these *non*-dependents be under eighteen years of age is not warranted when applied to the provision of G.S. 97-40 as amended in 1965 and prior to the 1971 amendment. I would reverse the decision of the Commission in this case.