ANNIE NEAL STEVENSON, SISTER, CURTIS DANIELS, BROTHER, ALFRED DANIELS, BROTHER, O'NEAL DANIELS, DECEASED EMPLOYEE v. CITY OF DURHAM, EMPLOYER, SELF-INSURER

No. 3

(Filed 10 May 1972)

1. Statutes § 5— statutory construction — legislative intent

The intent of the legislature controls the interpretation of a statute; in seeking to discover this intent, the courts should consider the language of the statute, the spirit of the act, and what the act' seeks to accomplish.

2. Master and Servant § 47— Workmen's Compensation Act — construction

The Workmen's Compensation Act should be liberally construed so that the benefits under the Act will not be denied by narrow, technical or strict construction.

3. Master and Servant § 79— workmen's compensation — death benefits — next of kin

Brothers and sisters of a deceased employee who are eighteen years of age or older and married are "next of kin" as defined in G.S. 97-40 and are entitled to receive compensation for the death of an employee who left no wife, child, parents or dependents surviving him, the dependency, age and marital status restrictions contained in G.S. 97-2(12) not being applicable to the definition of "next of kin" contained in G.S. 97-40.

APPEAL from decision of the North Carolina Court of Appeals (12 N.C. 632) affirming opinion and award of the North Carolina Industrial Commission.

The facts stipulated by the parties to this action disclose that O'Neal Daniels was killed on 18 September 1969 as a result of an accident which arose out of and in the course of his employment with defendant City of Durham. Defendant was a self-insurer. Deceased left no wife, child, parents, or dependents of any kind surviving him. He was survived by two brothers and one sister, all of whom were married and over eighteen years of age at the time of his death.

The surviving sister and brothers filed a claim with the North Carolina Industrial Commission alleging that they were next of kin pursuant to G.S. 97-40 and were therefore entitled to compensation as his next of kin.

The North Carolina Industrial Commission held that claimants were not next of kin and therefore no compensation

was due or payable as a result of the employee's death, except the sum of $500 already paid to his administratrix to be applied on burial expenses.

Claimants appealed, and the Court of Appeals affirmed, with Chief Judge Mallard dissenting.

The case is before this Court on appeal pursuant to G.S. 7A-30(2).

*Mason H. Anderson for plaintiff appellants.*

*C. V. Jones, S. F. Gantt by S. F. Gantt, for defendant appellee.*

BRANCH, Justice.

The question presented by this appeal is whether "brothers" and "sisters" who are eighteen years of age, or older, and married are "next of kin" as defined in G.S. 97-40.

At the time of O'Neal Daniels' injury and death, G.S. 97-40, in part, provided:

> Subject to the provisions of G.S. 97-38, if the deceased employee leaves neither whole nor partial dependents, then the compensation which would be payable under G.S. 97-38 to whole dependents shall be commuted to its present value and paid in a lump sum to the next of kin *as herein defined.* For purposes of this section and G.S. 97-38, "next of kin" shall include only child, father, mother, brother or sister of the deceased employee. For all such next of kin who are neither wholly or partially dependent upon the deceased employee and who take under this section, the order of priority among them shall be governed by the general law applicable to the distribution of the personal estate of persons dying intestate. . . .
>
> If the deceased employee leaves neither whole dependents, partial dependents, nor next of kin *as hereinabove defined,* then no compensation shall be due or payable on account of the death of the deceased employee, except that the employer shall pay or cause to be paid the burial expenses of the deceased employee not exceeding five hundred dollars ($500.00) to the person or persons entitled thereto. (Emphasis ours.)

G.S. 97-38 classifies those persons eligible to receive, and determines the amount of, death benefits payable under the Workmen's Compensation Act to persons wholly or partially dependent upon the earnings of a deceased employee. If the deceased employee leaves neither whole nor partial dependents, as here, then G.S. 97-40 provides for the commutation and payment of compensation to the "next of kin" *as therein defined.*

The Court of Appeals, relying on the case of *Jones v. Sutton,* 8 N.C. App. 302, 174 S.E. 2d 128, affirmed the opinion and award of the Industrial Commission. The rationale of the majority decision of the Court of Appeals is that G.S. 97-40 and G.S. 97-2(12) are in *pari materia* and therefore should be construed with reference to each other. G.S. 97-2(12) provides:

Child, Grandchild, Brother, Sister.—The term "child" shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. "Grandchild" means a child as above defined of a child as above defined. "Brother" and "sister" include stepbrothers and stepsisters, half brothers and half sisters, and brothers and sisters by adoption, but does not include married brothers nor married sisters unless wholly dependent on the employee. "Child," "grandchild," "brother" and "sister" include only persons who at the time of the death of the deceased employee are under eighteen years of age.

After the Court of Appeals filed its decision in this case, this Court, in the case of *Smith v. Exterminators,* 279 N.C. 583, 184 S.E. 2d 296, in construing G.S. 97-38 and G.S. 97-40, stated:

" . . . Thus, G.S. 97-40 determines the person or persons entitled to receive the death benefits provided in the Act, but the amount payable to the person or persons entitled thereto is determined by G.S. 97-38, commuted to its present, lump sum value. When, as here, the deceased employee left no dependent, whole or partial, the amount payable is not reduced from the amount which would have been payable had the deceased employee left a person wholly dependent upon him unless there is no person surviving who falls within the term 'next of kin', *as defined in G.S. 97-40. . . .* " (Emphasis ours.)

Stevenson v. City of Durham

G.S. 97-40 as rewritten by the 1965 General Assembly added "next of kin" as a category of persons entitled to death benefits under the Workmen's Compensation Act. The rewritten statute defined the term "next of kin" and specified the order of priority among "next of kin" who are neither wholly nor partially dependent upon the deceased employee and who take under the section.

[1, 2] The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. In seeking to discover this intent, the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish. *Galligan v. Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427; *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765; *Freeland v. Orange County*, 273 N.C. 452, 160 S.E. 2d 282. Equally well recognized is the rule that the Workmen's Compensation Act should be liberally construed so that the benefits under the Act will not be denied by narrow, technical or strict interpretation. *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874; *Cates v. Construction Co.*, 267 N.C. 560, 148 S.E. 2d 604; *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342. "In seeking to discover and give effect to the legislative intent, an act must be considered as a whole, and none of its provisions shall be deemed useless or redundant if they can reasonably be considered as adding something to the act which is in harmony with its purpose. *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1; *Jones v. Board of Education*, 185 N.C. 303, 117 S.E. 37." *State v. Harvey*, ante 1, 187 S.E. 2d 706.

Imposition of the restrictions contained in G.S. 97-2 (12) upon the definition of "next of kin" as defined in G.S. 97-40 would require that we ignore the unambiguous language contained in G.S. 97-40 that "next of kin" be as "herein defined." Further, a child, brother or sister who is partially or wholly dependent and under eighteen years of age would take death benefits under the provisions of G.S. 97-38. Thus, the imposition of the restrictions of dependency and age contained in G.S. 97-2 (12) would result in a narrow and technical interpretation of the Workmen's Compensation Act.

[3] We conclude that the 1965 re-write of G.S. 97-40 shows a clear intent by the General Assembly to remove the requirements of dependency, age and marital status from the definition

of "next of kin" who are entitled to death benefits under Section 40 of the Workmen's Compensation Act. This conclusion draws strength from the fact that the 1972 General Assembly (after the decision in *Jones v. Sutton, supra*) further amended G.S. 97-40 so as to include adult children or adult brothers and adult sisters in the definition of "next of kin" contained in that section. By this amendment the General Assembly again evidenced its intent that the definition of "next of kin" as contained in G.S. 97-40 should not be narrowly and strictly limited by the provisions of G.S. 97-2(12). *Cates v. Construction Co., supra.*

We note with approval the reasoning and conclusions in the dissenting opinion filed in the Court of Appeals by Mallard, Chief Judge.

The doctrine of *pari materia* does not apply and the provisions of G.S. 97-40 should not be construed with the provisions of G.S. 97-2(12).

We hold that brothers and sisters who are eighteen years of age or older, and who are married, are "next of kin" as defined in G.S. 97-40.

The decision of the Court of Appeals is

Reversed.