LENNON v. CUMBERLAND COUNTY

[119 N.C. App. 319 (1995)]

━━━━━━━━━

GAIL G. LENNON, Widow, and ABRIL LENNON, Alleged Dependent of ALLEN B. LENNON, Deceased Employee, Plaintiffs v. CUMBERLAND COUNTY, Employer, Self-Insured, Defendant

No. COA94-985

(Filed 20 June 1995)

**Workers' Compensation § 273 (NCI4th)— adoption proceeding not finalized—child not entitled to benefits**

Where adoption proceedings had begun but were not finalized, the minor plaintiff was not a child legally adopted prior to the injury of the employee and thus was not a "dependent child" entitled to benefits under the Workers' Compensation Act until she reached the age of eighteen. N.C.G.S. § 97-2(12); N.C.G.S. § 97-38.

**Am Jur 2d, Workers' Compensation § 214.**

Appeal by plaintiffs from Opinion and Award entered 20 May 1994 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 May 1995.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Mark A. Sternlicht, for plaintiffs-appellants.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis III and Karen K. Prather, for defendant-appellee.*

JOHNSON, Judge.

This case was submitted upon written stipulated facts and affidavits without an evidentiary hearing by the agreement of the parties before the Industrial Commission. The issue to be resolved was whether Abril Lennon (the minor plaintiff) was entitled to receive benefits until she was eighteen years old, or entitled to receive benefits for 400 weeks, as a result of the death of Allen Lennon (the deceased employee). The deceased employee was a Cumberland County Sheriff's Deputy who was killed in a work-related motor vehicle accident on 11 August 1992. At the time of his death, the deceased employee and his wife were in the process of adopting the minor plaintiff, a one year old child who had been living with them since she was ten days old.

The deputy commissioner concluded that the minor plaintiff was not a "dependent child" for purposes of North Carolina General Statutes § 97-38 (1991). Based on this, but finding that the minor plaintiff was a person wholly dependent upon the earnings of the deceased employee, the deputy commissioner found that the minor plaintiff was entitled to benefits for 400 weeks from the deceased employee's death. The Full Commission affirmed the deputy commissioner's ruling that the minor plaintiff was not a "dependent child," noting that the intention to adopt in the future is not "the equivalent of a Final Order of Adoption." From that ruling, plaintiffs appeal to our Court.

Plaintiffs argue on appeal that the Full Commission erred when it determined the minor plaintiff was not a "dependent child." Plaintiffs argue that the minor plaintiff was entitled to receive wage benefits as a result of the deceased employee's death until she reaches age eighteen because she is a dependent child within the meaning of North Carolina General Statutes § 97-38.

North Carolina General Statutes § 97-38 states in pertinent part:

. . .

Compensation payments due on account of death shall be paid for a period of 400 weeks from the date of the death of the employee; provided, however, after said 400-week period in case of a widow or widower who is unable to support herself or himself because of physical or mental disability as of the date of death of the employee, compensation payments shall continue during her or his lifetime or until remarriage and compensation payments due a dependent child shall be continued until such child reaches the age of 18.

As plaintiff notes, the Commission relied upon North Carolina General Statutes § 97-2(12) (Cum. Supp. 1994) for the definition of "child," which states:

When used in this Article, unless the context otherwise requires—

. . .

(12) Child, Grandchild, Brother, Sister.—The term "child" shall include a posthumous child, *a child legally adopted prior to the injury of the employee,* and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. . . . "Child[]" . . . include[s] only persons who at the time of the death of the deceased employee are under 18 years of age. (Emphasis added.)

Notwithstanding the definition found in North Carolina General Statutes § 97-2(12), plaintiffs note that the deputy commissioner found that the minor plaintiff was wholly dependent on the deceased employee's earnings for support. Plaintiffs argue that North Carolina General Statutes § 97-2(12) does not act as an absolute limit on the persons who may be considered "dependent child[ren]." Plaintiffs assert that because North Carolina General Statutes § 97-2(12) provides "[t]he term 'child' *shall* include . . ." (emphasis added), the word "shall" permits other persons to be included within the meaning of "child" under appropriate circumstances, and that the provision is not an exclusive definition. Plaintiffs argue that "the lack of adoption is not a bar to a *factual finding* of dependency."

Plaintiffs cite *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E.2d 281 (1972) in support of their position that North Carolina General Statutes § 97-2(12) does not act as an absolute limit on the persons who may become "dependent child[ren]" under North Carolina General Statutes § 97-38. Plaintiffs argue that the language of North Carolina General Statutes § 97-38 establishes an intent to provide benefits to someone in the minor plaintiff's position until they reach the age of eighteen, and, quoting *Stevenson*, note that "[t]he primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. In seeking to discover this intent, the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish." *Id.* at 303, 188 S.E.2d at 283. In *Stevenson*, our Supreme Court reconciled an interpretation of the term "next of kin" with two statutes *in pari materia*. However, we find *Stevenson* distinguishable from the instant matter in that the statute in question in that case contained its own definition of "next of kin."

Based on a plain reading of North Carolina General Statutes § 97-2(12), we disagree with plaintiffs. We believe the Commission properly looked to North Carolina General Statutes § 97-2(12) for the definition of "child." In the instant case, where the adoption proceedings had begun but were not finalized, the minor plaintiff was not "a child legally adopted prior to the injury of the employee[.]" *Compare Winstead v. Derreberry*, 73 N.C. App. 35, 326 S.E.2d 66 (1985) (where our Court held that the deceased's stepchildren, a class identified in North Carolina General Statutes § 97-2(12) but having no legal right of support from their stepparent, must have been factually dependent upon the deceased employee to be entitled to a share of death benefits).

As the Full Commission acknowledged below, "this is a situation which engenders sympathy"; however, for reasons outlined above, we find that the Full Commission did not err when it determined the minor plaintiff was not a "dependent child."

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.