The Workers' Compensation Act is required to be construed liberally to effectuate its purpose to provide compensation for injured workers. Its benefits should not be denied by a technical, narrow or strict construction. Stevenson v. City ofDurham, 281 N.C. 300, 188 S.E.2d 281 (1972); Holloman v. City ofRaleigh, 273 N.C. 240, 159 S.E.2d 874 (1968).
In Hoffman v. Ryder Truck Lines, Inc., 306 N.C. 502,293 S.E.2d 807 (1982), the Supreme Court stated, ". . . in close cases the benefit of the doubt concerning [compensation] should be given to the employee in accordance with the established policy of liberal construction and application of the Workers' Compensation Act."
In this case the majority finds claimant not to be credible, despite the testimony of her treating physician, Dr. Tomaszek. The majority also seem to believe that a prior injury in 1979 was the cause of plaintiff's present pain and not the alleged accident in December 1992. Because the majority has taken such a position I must respectfully DISSENT.
Dr. Tomaszek's testimony was very clear and direct when asked about plaintiff's condition. One of several questions asked of Dr. Tomaszek was, "Do you have an opinion satisfactory to yourself and within a reasonable degree of medical certainty, as to whether or not Mrs. Jackson's employment at Rose's in December of 1992 was a proximate cause of her back injury for which you treated her for?" The answer was "Yes, it (the injury) was the proximate cause of the problem (back pain) for which I treated plaintiff for." Dr. Tomaszek further stated, "Plaintiff's accident in 1979 was not the cause of plaintiff's present condition."
Finally, Dr. Tomaszek felt that plaintiff's injury was so severe that he rated her as having a 30 percent permanent partial disability rating.
Even if the majority did not find plaintiff's testimony to be credible, the credibility of plaintiff's treating physician's testimony should not be discounted.
 S/ ________________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 6/26/95