The Workers' Compensation Act is required to be construed liberally to effectuate its purpose to provide compensation for injured workers. Its benefits should not be denied by a technical, narrow or strict construction. Stevenson v. City ofDurham, 281 N.C. 300, 188 S.E.2d 281 (1972); Holloman v. City ofRaleigh, 273 N.C. 240, 159 S.E.2d 874 (1968).
In Hoffman v. Ryder Truck Lines, Inc., 306 N.C. 502,293 S.E.2d 807 (1982), the Supreme Court stated, ". . . in close cases the benefit of the doubt concerning [compensation] should be given to the employee in accordance with the established policy of liberal construction and application of the Workers' Compensation Act."
In this case plaintiff's claim for relief should be granted.
The record shows plaintiff reported her injury on or about 21 July 1993. Plaintiff initially believed she had a kidney infection instead of a back injury. However, the evidence in the record did, in fact, show that plaintiff had sustained a back injury.
Although plaintiff did not say the magical words such as "I have sustained a specific traumatic injury" or "I have been injured while in the course and scope of my employment," plaintiff should not be punished for her lack of knowledge concerning workers' compensation law. The evidence clearly shows plaintiff was in fact injured.
Plaintiff's treating physician, Dr. Somers, supported plaintiff's claim in full. Dr. Somers testified, "Looking at the L2 space, she had a definite posterior bulge with extravasation of dye in the subligamentos area posteriorly and it showed the herniated disc." Clearly, this testimony by Dr. Somers supports plaintiff's claim that she was injured on the job trying to lift a