JESSICA ELAINE EDWARDS, A MINOR CHILD BY AND THROUGH SUSAN F. EDWARDS, HER GUARDIAN AD LITEM, AND SUSAN F. EDWARDS, INDIVIDUALLY, PLAINTIFF-APPELLANTS V. STEPHEN WALL, LUCY DOWNEY, AND HAYWOOD PEDIATRIC AND ADOLESCENT MEDICINE GROUP, P.A., DEFENDANT-APPELLEES

No. COA99-1490

(Filed 6 February 2001)

**1. Witnesses— expert—qualification—review**

Although the question of whether a witness qualifies as an expert is exclusively within the discretion of the trial court, review of whether a pediatric gastroenterologist should have been allowed to testify against general practice pediatricians involved interpretation of N.C.G.S. § 8C-1, Rule 702(b)(2) and review was de novo.

**2. Medical Malpractice— expert witness—same field of specialization**

The trial court erred in a medical malpractice action by ruling that plaintiff's expert witness was not qualified under N.C.G.S. § 8C-1, Rule 702 where defendants were general practice pediatricians and the witness was certified in the subspecialty of pediatric gastroenterology and a professor at UCLA. Defendants are alleged to have failed to make a proper diagnosis of abdominal complaints and, as required by N.C.G.S. § 8C-1, Rule 702(b)(2), the witness spends the majority of his time practicing and teaching pediatrics and pediatric gastroenterology, which includes the treatment of the stomach.

Appeal by plaintiffs from order entered 22 July 1999 by Judge Zoro J. Guice, Jr. in Haywood County Superior Court. Heard in the Court of Appeals 19 October 2000.

*Melrose, Seago & Lay, P.A., by Mark R. Melrose, for plaintiff-appellants.*

*Northup & McConnell, P.L.L.C., by Isaac N. Northup, Jr., for defendant-appellees.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by James P. Cooney III, for the North Carolina Association of Defense Attorneys, amicus curiae.*

*Jones Martin Parris & Tessener, PLLC, by Tamara R. Nance and John Alan Jones, for the North Carolina Academy of Trial Lawyers, amicus curiae.*

McGEE, Judge.

Plaintiffs appeal from the trial court's directed verdict entered pursuant to Rule 50 of the North Carolina Rules of Civil Procedure. The trial court determined defendants were entitled to judgment as a matter of law because of plaintiffs' failure to offer any competent evidence that defendants had violated the standard of care. We disagree.

Defendants Stephen Wall and Lucy Downey are physicians practicing as pediatricians at Haywood Pediatric and Adolescent Medicine Group, P.A., in Haywood County, North Carolina (hereinafter defendants). Jessica Elaine Edwards (Jessica), a minor child, was a regular patient of defendants since her birth on 8 June 1991. Plaintiffs allege in their complaint that on 13 July 1997 Jessica suffered from stomach pain, vomiting and fever. The next day, Susan F. Edwards (Jessica's mother), telephoned defendants about Jessica's symptoms. Jessica was examined at defendants' office on 16 July 1997, and after an examination which included taking a blood sample, defendants told Jessica's mother to go directly to the hospital for Jessica to be admitted.

Defendants' admitting diagnosis for Jessica was dehydration and gastroenteritis. Defendants discharged Jessica from the hospital on 17 July 1997, despite her continued abdominal pain and her mother's request to determine if Jessica had appendicitis. On 18 July 1997, Jessica again returned to defendants' office with stomach pains. Jessica and her mother were told by defendants to go immediately to the hospital emergency room. Upon Jessica's admission to the hospital, it was determined that her appendix had ruptured and emergency surgery was performed by a non-defendant doctor to repair the damage caused by the ruptured appendix. Jessica's mother testified that Jessica required additional surgery and medical treatments for problems caused by the ruptured appendix.

Plaintiffs filed a complaint on 2 January 1998 alleging defendants failed to diagnose and treat Jessica's acute appendicitis prior to the rupture of the appendix. Defendants answered and denied plaintiffs' allegations of negligence on 30 January 1998. Prior to trial, pursuant to N.C. Gen. Stat. § 1A-1, Rule 26(4), plaintiffs designated Dr. Marvin

**EDWARDS v. WALL**

[142 N.C. App. 111 (2001)]

E. Ament (Dr. Ament) as an expert witness in pediatrics, who would testify as to defendants' breaches of the standard of medical care that caused Jessica's continuing injuries. Defendants designated three experts who, upon review of the medical records and pleadings, were to testify that the care rendered by defendants was in accordance to the standard of practice required by law.

Plaintiffs called Dr. Ament as a witness at trial and following direct examination of Dr. Ament as to his medical qualifications, plaintiffs tendered him as an expert in pediatrics and pediatric gastroenterology. Defendants requested a *voir dire* examination of Dr. Ament concerning his qualifications as an expert witness. After both parties questioned Dr. Ament and following extensive discussion with the trial court, the trial court ruled that plaintiffs' expert witness, Dr. Ament, was not qualified to testify as an expert under Rule 702 of the North Carolina Rules of Evidence. Defendants moved for and were granted a directed verdict by the trial court. Plaintiffs appeal.

Plaintiffs argue that the trial court·erred in its interpretation of the language of N.C. Gen. Stat. § 8C-1, Rule 702(b)(2), relating to the admissibility of expert testimony, when it determined that Dr. Ament did not qualify as an expert witness. The General Assembly amended Rule 702 in 1995, with the amendment effective 1 January 1996. The amended rule added several provisions relating specifically to the qualifications of an expert witness testifying to the appropriate standard of care in medical malpractice actions. *See Andrews v. Carr*, 135 N.C. App. 463, 469, 521 S.E.2d 269, 273 (1999), *disc. review denied*, 351 N.C. 471, 543 S.E.2d 483 (2000). "Rule 702(b)(1) governs expert testimony on the 'appropriate standard of health care' offered against or on behalf of a 'specialist[.]' " *Formyduval v. Bunn*, 138 N.C. App. 381, 383, 530 S.E.2d 96, 98 (2000).

In a medical malpractice action, as defined in N.C. Gen. Stat. § 90-21.11, a person shall not give expert testimony on the appropriate standard of health care as defined in N.C. Gen. Stat. § 90-21.12 unless that person is a licensed health care provider in this State or another state who meets the following criteria:

(1) If the party against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

   (a) Specialize in the same specialty as the party against whom or on whose behalf the testimony is offered; or

(b) Specialize in a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients.

(2) During the year immediately preceding the date of the occurrence that is the basis for the action, the expert witness must have devoted a majority of his or her professional time to either or both of the following:

(a) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, the active clinical practice of the same specialty or a similar speciality which includes within its speciality the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients; or

(b) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered, and if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

N.C. Gen. Stat. § 8C-1, Rule 702(b)(1)(2) (1999). Therefore, in order to qualify as an expert to testify as to defendants' applicable standard of care as specialists, plaintiffs' expert must be "in the same specialty" as defendant pediatricians or "specialize in a similar specialty which includes . . . the performance of the procedure that is the subject of the complaint." *Id.* In addition, plaintiffs' expert must, during the year preceding July 1997, have: (1) devoted a majority of "professional time" (2) to "active clinical practice" of "the same or similar specialty" or (3) to "the instruction of students . . . in the same specialty." *Id.* All the statutory requirements must be met in order for the witness to be qualified as an expert witness and be allowed to testify.

[1] Plaintiffs contend that our Court's standard of review on appeal is *de novo* but defendants argue the standard of review is abuse of discretion by the trial court. This issue involves an interpretation of N.C.G.S. § 8C-1, Rule 702 by the trial court. "Ordinarily, whether a wit-

ness qualifies as an expert is exclusively within the discretion of the trial judge[.]" *State v. Underwood*, 134 N.C. App. 533, 541, 518 S.E.2d 231, 238 (1999), *cert. improvidently allowed*, 352 N.C. 669, 535 S.E.2d 33 (2000). However, "[w]here an appeal presents questions of statutory interpretation, full review is appropriate, and [a trial court's] 'conclusions of law are reviewable *de novo.'* " *Mark IV Beverage, Inc. v. Molson Breweries USA*, 129 N.C. App. 476, 480, 500 S.E.2d 439, 442 (quoting *N.C. Reinsurance Facility v. N.C. Insurance Guaranty Assn.*, 67 N.C. App. 359, 362, 313 S.E.2d 253, 256 (1984)), *disc. review denied*, 349 N.C. 360, 515 S.E.2d 705 (1998); *see also Brooks v. Ansco & Assocs.*, 114 N.C. App. 711, 716, 443 S.E.2d 89, 92 (1994) (allegation that agency decision is based upon an error of law requires *de novo* review); *Brooks, Comm'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 345 (1988) (allegation of error in interpreting statute is an allegation of an error of law).

*De novo* review is appropriate as plaintiffs contend that the trial court's decision was based on an incorrect interpretation of Rule 702(b)(2), specifically as to the trial court's interpretation of the terms "specialty" and/or "similar practice" and "active clinical practice." See *Formyduval*, 138 N.C. App. at 385, 530 S.E.2d. at 99-100. In addition, plaintiffs assert that the trial court misinterpreted the term "either or both" in subsection 2, inserted the word "and" between subsection 2a and 2b, and erred in interpreting the term "health profession" and the term "either or both." We must determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by sufficient evidence. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

[2] By its terms, Rule 702(b) applies to all medical malpractice actions against any "health care provider." *See* N.C.G.S. § 90-21.11 (1999). Section (b)(2)(a) of Rule 702 requires expert witnesses to have engaged in "active clinical practice of the same health profession" as the defendant, or, if the defendant is a specialist, in "active clinical practice of the same specialty" as the defendant. Thus, section (b) of Rule 702 applies to defendants in the case before us, who are physicians specializing in pediatrics. " 'Specialist' is defined as a 'physician whose practice is limited to a particular branch of medicine or surgery, [especially] one certified by a board of physicians.' " *Formyduval*, 138 N.C. App. at 387, 530 S.E.2d at 101 (citation omitted); *see also* 5 J.E. Schmidt, Attorney's Dictionary of Medicine S-219

EDWARDS v. WALL

[142 N.C. App. 111 (2001)]

(1999) (defining specialist as a "medical practitioner who limits his practice to certain diseases . . .; a person who is a diplomate of one of the specialty boards"). It is uncontested that defendants are specialists in the field of pediatric medicine.

Plaintiffs argue that Dr. Ament is qualified as an expert in pediatric medicine under Rule 702(b)(2) in four different ways: he spends a majority of his time (1) in the active clinical practice of the same specialty as defendants, (2) in a similar specialty which includes within its specialty the procedure that is the subject matter of plaintiffs' complaint, (3) in instructing medical students in a clinical setting, and (4) in combination of active clinical practice of pediatrics and in the instruction of medical students.

Dr. Ament is certified by the American Board of Pediatrics and is therefore certified in the same specialty as defendants. Having the same certification meets the first prong of Rule 702(b)(1) requiring that the expert "specialize in the same specialty" as defendants. Dr. Ament is also certified in the subspecialty of pediatric gastroenterology. It is Dr. Ament's certification in, and practice of, the subspecialty pediatric gastroenterology, that the trial court and defendants contend results in Dr. Ament not being qualified to testify in this case.

The trial court's findings of fact included that defendants' medical practice is in "the general practice of pediatrics" and that Dr. Ament, as a professor at the UCLA Medical School, "is a specialist specializing in the field of pediatric gastroenterology[.]" Therefore, the trial court concluded that plaintiffs' expert "is not a practitioner of general pediatrics as are the defendants[.]" The trial court determined that Dr. Ament failed the first prong of Rule 702(b)(1). Dr. Ament testified that he is "a distinguished professor of pediatrics in the Department of Pediatrics at the University of California." Dr. Ament's testimony and his curriculum vitae show that he has been certified as a pediatrician since 1968. Hence, we conclude that plaintiffs' expert is a specialist in pediatrics and as such is qualified to testify in this case.

The trial court next determined that although Dr. Ament was a board certified pediatrician, the majority of his practice was in pediatric gastroenterology, which did not "include the [active clinical] practice of the type of medicine engaged in by the defendants[.]" Under the trial court's interpretation of active clinical practice, Dr. Ament fails the "active clinical practice of the same specialty" requirement of Rule 702(b)(2)(a). First, we note that Rule

EDWARDS v. WALL

[142 N.C. App. 111 (2001)]

702(b)(2)(a) also includes the language that the expert can be in the active clinical practice of the same specialty "*or* a similar specialty which includes within its specialty the performance of the procedure that is the subject of the complaint and have prior experience treating similar patients[.]" N.C.G.S. § 8C-1, 702(b)(2)(a) (emphasis added). The trial court did not address this language of Rule 702 and did not allow plaintiffs to make an offer of proof as to Dr. Ament's familiarity with the procedure of diagnosing appendicitis in children and his experience in treating similar patients. This evidence is admissible under Rule 702(b)(2)(a). Plaintiffs' expert, Dr. Ament, a pediatrician who practices the subspecialty of pediatric gastroenterology, clearly may have practiced a similar specialty that included the procedure of diagnosing appendicitis in a child and have prior experience in this diagnosis. It appears that Dr. Ament is the type of expert that the language of Rule 702(b)(2)(a) meant to include in the definition of active clinical practice.

As to the trial court's finding that plaintiffs' expert did not have an active clinical practice in the same specialty, a close examination of the record verifies that Dr. Ament testified that he actively saw pediatric patients three times per week at the university hospital's clinic. Twenty-five to fifty of those patients were return visits, with six to ten patients being new. "Clinical is defined as 'based on or pertaining to actual experience in the observation and treatment of patients.' " *Formyduval*, 138 N.C. App. at 391, 530 S.E.2d at 103 (quoting 2 J.E. Schmidt, Attorney's Dictionary of Medicine C-310 (1999)). Considering the volume of patients that Dr. Ament sees at the UCLA Medical Center and in additional clinics in the Los Angeles area where he treats patients, we hold he is involved in an active clinical practice.

Dr. Ament was asked on *voir dire* if he spent the majority of his time as a physician in the same clinical practice as the defendants and Dr. Ament replied "No." However, Dr. Ament later stated in his testimony that although his practice emphasized gastroenterology in children, "it's all pediatrics . . . I deal with general pediatric problems in my chronic patients" and he agreed that the majority of his clinical practice was in pediatrics. Dr. Ament then clarified that although he works at a medical center and defendants work in a medical office, both he and defendants have an active clinical practice in the specialty of pediatrics.

We have found no case law in this state holding that Rule 702 requires that the physician expert and the physician defendant work

EDWARDS v. WALL

[142 N.C. App. 111 (2001)]

in exactly the same practice setting, as contended by defendants. Similarly, Rule 702 does not require that a physician, who specializes in pediatrics, be prepared to prove the percentages of each type of ailment that he treats within his practice. In the present case, Dr. Ament is a pediatrician who diagnoses "general pediatric problems" in his gastroenterology patients in addition to treating children "with pure problems unrelated to the GI tract." Dr. Ament is a pediatrician with a subspecialty in pediatric gastroenterology who has an active clinical practice at a medical center. Defendants are pediatricians with no subspecialty who have an active clinical practice in a medical office. We agree with plaintiffs that Dr. Ament qualifies as an expert under Rule 702(b)(2)(a) in that he has an "active clinical practice of the same specialty [pediatrics] or a similar specialty [subspecialty of pediatric gastroenterology] which includes within its specialty the performance that is the subject of the complaint [diagnosing pediatric appendicitis] and ha[s] prior experience treating similar patients [children]."

Dr. Ament is not a private physician but works exclusively as a professor of pediatrics at the UCLA Medical School. As a teaching physician in the UCLA Medical Clinic, Dr. Ament treats children with gastroentological problems who are referred to him by clinic pediatricians. In addition, Dr. Ament also testified that for a third of the patients he is their "primary pediatrician as well as being the gastroenterologist." As a pediatrician, Dr. Ament also diagnoses the basic childhood diseases of his gastroenterology patients. We agree with plaintiffs that the fact Dr. Ament treats gastroenterologic problems does not mean that his clinical time is not in the field of pediatrics. The trial court found that because Dr. Ament's active clinical practice included a subspecialty of pediatrics that he could not be qualified to testify regarding defendants who did not have an active practice in the same subspecialty. We hold that although plaintiffs' expert has an active subspecialty practice in pediatric gastroenterology, this does not disqualify him as a pediatrician who would know the standard of care for diagnosing appendicitis.

Further, the trial court concluded that plaintiffs' expert did "not spend the majority of his time teaching," causing him to fail the third prong of Rule 702(b), that allows "the instruction of students in an accredited health professional school . . . in the same specialty," as evidence of the expert's qualifications to testify.

Dr. Ament became an assistant professor of pediatrics in 1973 and since 1989 has been a distinguished professor of pediatrics at the

**EDWARDS v. WALL**

[142 N.C. App. 111 (2001)]

UCLA Medical School. Dr. Ament testified that UCLA Medical Center is an accredited health professional school. It appears from the record that Dr. Ament understood that the definition of "teaching medical students" meant "the formal part [of] giving lectures, which you think of as schooling" and testified he gave a formal lecture about once a month. This testimony, taken alone, disqualified Dr. Ament under the third prong of Rule 702(b)(2)(b). However, Dr. Ament clarified that while treating patients at the UCLA Medical Center, he was attended by residents, fellows and students. Dr. Ament therefore concurred that he spends the "majority of [his] professional working hours . . . in the active clinical and/or teaching roles . . . in pediatric medicine[.]" This evidence clearly supports plaintiffs' qualification of Dr. Ament as an expert under the requirements of Rule 702(b)(2).

We note that Rule 702(c), regarding expert testimony and a general practitioner defendant, allows only general practitioners to testify against general practitioners. Specialists, such as pediatricians, may only testify against other pediatrician specialists. Thus, if defendants held themselves out to be general practitioners, then Dr. Ament as a pediatrician with a subspecialty in pediatric gastroenterology would not qualify as an expert to testify. "As stated by another court, this rule 'is designed to protect the defendant [a general practitioner] from being compared with the higher standard of care required from one who holds himself out as an expert in the field.' " *Formyduval*, 138 N.C. App. at 390, 530 S.E.2d at 102 (quoting *Moore v. Foster*, 292 N.W. 2d 535, 538 (Mich. Ct. App. 1980)).

Defendants in this case practice in the specialty of pediatrics. The evidence of record supports that plaintiffs' expert, Dr. Ament, was qualified as an expert witness by a combination of his clinical practice and teaching in the same or similar specialty as practiced by defendants. Defendants are alleged to have failed a proper diagnosis of abdominal complaints. As required by Rule 702(b)(2), Dr. Ament spends the majority of his time practicing and teaching pediatrics and pediatric gastroenterology, which includes the treatment of the stomach. Dr. Ament is therefore qualified to testify as to the standard of care applicable to defendants and their alleged mistaken diagnosis of gastroenteritis.

We need not discuss plaintiffs' other assignments of error as we reverse the trial court's decision disqualifying Dr. Ament to testify under Rule 702. Accordingly, we reverse the directed verdict of the trial court and remand for trial.

TEW v. E.B. DAVIS ELEC. CO.

[142 N.C. App. 120 (2001)]

Reversed and remanded.

Judges WALKER and HORTON concur.