BRUNING & FEDERLE MFG. CO., Plaintiff v. RICKY D. MILLS and ASSOCIATED
METAL WORKS, INC., Defendants

No. COA06-1047

(Filed 7 August 2007)

**Trade Secrets— misappropriation—attorney fees**
>        The trial court did not err by denying attorney fees in a trade secret appropriation case based on a finding that defendant had not offered evidence of or made an argument to support bad faith. Although N.C.G.S. § 6-21 and N.C.G.S. § 66-154(d) both address the award of attorney fees in actions under the Trade Secrets Protection Act, a trial court may award attorney fees to the prevailing party only if a claim of misappropriation is made in bad faith or if willful and malicious misappropriation exists pursuant to N.C.G.S. § 66-154(d).

Appeal by Defendants from order entered 27 April 2006 by Judge Kimberly S. Taylor in Iredell County Superior Court. Heard in the Court of Appeals 15 March 2007.

*Eisele, Ashburn, Greene & Chapman, PA, by Douglas G. Eisele, for Plaintiff-Appellee.*

*Mayer, Brown, Rowe & Maw LLP, by Robert B. Cordle and W.C. Turner Herbert, and Pope McMillan Kutteh Simon & Privette, P.A., by William P. Pope, for Defendants-Appellants.*

STEPHENS, Judge.

On 13 September 2002, Plaintiff brought an action against Defendants for alleged misappropriation of trade secrets under the North Carolina Trade Secrets Protection Act ("TSPA"), N.C. Gen. Stat. § 66-152 *et seq.*, and for alleged unfair or deceptive trade practices under the Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* The trial court granted summary judgment in favor of Defendants on 12 April 2004. In addition to stating "there [are] no genuine issue[s] as to any material fact[,]" the order granting summary judgment stated that "Plaintiff is hereby [] taxed with all costs of this action pursuant to N.C. Gen. Stat. § 6-21." Plaintiff filed notice of appeal on 10 May 2004 challenging the order granting summary judgment. In *Bruning & Federle Mfg. Co. v. Mills*, 173 N.C. App. 641, 619 S.E.2d 594 (unpublished) (No. COA04-999) (Oct. 4, 2005), *disc. review denied*, 360 N.C. 174, 625 S.E.2d 782 (2005), this Court affirmed the trial court's grant of summary judgment in favor of Defendants.

On 29 December 2005, Defendant Ricky D. Mills filed a motion with the trial court seeking "an [o]rder awarding and quantifying the amount of attorneys' fees and costs to be taxed to the Plaintiff" pursuant to the court's earlier summary judgment order. Defendant Associated Metal Works, Inc. had filed a similar motion on 15 December 2005. In response, Plaintiff filed a request that the trial court make findings of fact and conclusions of law under N.C. Gen. Stat. § 1A-1, Rule 52(a)(2). In its order following a hearing on Defendants' motions, the trial court concluded as a matter of law that

> N.C. Gen. Stat. § 6-21 does not itself form the legal basis for an award of attorney fees in a TSPA case; rather, it only allows such award (1) if the conditions provided in N.C. Gen. Stat. § 66-154(d) exist, and (2) if the Court then exercises its discretion to award attorney fees based on evidence offered in support of an appropriate Motion.

Concluding that "[n]either Defendant offered any evidence to establish, or made any argument to support, a finding by the Court that Plaintiff acted in 'bad faith' [one of the conditions provided in N.C. Gen. Stat. § 66-154(d)] in prosecuting its TSPA claims," the trial court denied Defendants' motions for attorneys' fees, but allowed "the recovery of costs other than attorney fees[.]" From the order denying their motions for attorneys' fees, Defendants appeal. Defendants' sole

issue on appeal is that the trial court erred in interpreting N.C. Gen. Stat. § 6-21 as only allowing a trial court to award attorneys' fees in a TSPA case if the conditions provided in N.C. Gen. Stat. § 66-154(d) exist. For the reasons stated herein, we affirm.

---

In this case, we must interpret two statutes that both address the award of attorneys' fees in actions under the TSPA. Under Section 66-154(d) of that Act, as enacted by the legislature in 1981 and since unamended,

> [i]f a claim of misappropriation is made in bad faith or if willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party.

N.C. Gen. Stat. § 66-154(d) (2005). In the same legislation by which it enacted the TSPA, the General Assembly added subsection twelve (12) to Section 6-21 of our General Statutes. Act of Jul. 9, 1981, ch. 890, sec. 2, 1981 N.C. Sess. Laws 1326. That statute, after the 1981 addition, reads in pertinent part:

> Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:
>
> . . . .
>
> (12) In actions brought for misappropriation of a trade secret under [the TSPA].
>
> The word "costs" as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow[.]

N.C. Gen. Stat. § 6-21 (2005). Defendants contend that these statutes "may be harmonized and given separate effect," that the statutes "are in no way contradictory[,]" and that the trial court erred in interpreting N.C. Gen. Stat. § 6-21 as only allowing a trial court to award attorneys' fees in a TSPA case if the conditions provided in N.C. Gen. Stat. § 66-154(d) exist. We disagree.

"The case law in North Carolina is clear that to overturn the trial judge's determination [on the issue of attorneys' fees], the defendant must show an abuse of discretion." *Hillman v. U.S. Liab. Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982) (citations

omitted), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983). However, " 'where an appeal presents [a] question[] of statutory interpretation, full review is appropriate,' " and we review a trial court's conclusions of law *de novo. Coffman v. Roberson*, 153 N.C. App. 618, 623, 571 S.E.2d 255, 258 (2002) (quoting *Edwards v. Wall*, 142 N.C. · App. 111, 115, 542 S.E.2d 258, 262 (2001)), *disc. review denied*, 356 N.C. 668, 577 S.E.2d 111 (2003).

"As always, our primary task in statutory construction is to ensure that the purpose of the Legislature in enacting the law, the legislative intent, is accomplished." *State ex rel. Hunt v. N.C. Reinsurance Facil.*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981) (citing *In re Dillingham*, 257 N.C. 684, 127 S.E.2d 584 (1962)). "The best indicia of that legislative purpose are 'the language of the statute, the spirit of the act, and what the act seeks to accomplish.' " *Id.* (quoting *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E.2d 281, 283 (1972)). "Moreover, we must be guided by the rules of construction that statutes *in pari materia*, and all parts thereof, should be construed together and compared with each other." *Id.* (citing *Redevelopment Comm'n of Greensboro v. Sec. Nat'l Bank of Greensboro*, 252 N.C. 595, 114 S.E.2d 688 (1960)). "Such statutes should be reconciled with each other when possible and any irreconcilable ambiguity should be resolved in a manner which most fully effectuates the true legislative intent." *Id.* (citing *Duncan v. Carpenter & Phillips*, 233 N.C. 422, 64 S.E.2d 410 (1951), *overruled on other grounds, Taylor v. J. P. Stevens & Co.*, 300 N.C. 94, 265 S.E.2d 144 (1980)).

Section 66-154(d) is at odds with Section 6-21. A trial court "may" award attorneys' fees under Section 66-154(d), while under Section 6-21, a trial court "shall" award costs, which "shall be construed to include" attorneys' fees. Under Section 66-154(d), the trial court may only award attorneys' fees *to the prevailing party* if "a claim of misappropriation is made in bad faith or if willful and malicious misappropriation exists[.]" Under Section 6-21, a trial court has the discretion to tax costs *against either party* or apportion costs between the parties, and has the discretion to determine the amount of a "reasonable" fee. Importantly, neither party must show "bad faith" or "willful and malicious misappropriation" under Section 6-21 to be awarded costs. While we agree with Defendants that to superimpose the conditions of Section 66-154(d) on Section 6-21 would "eviscerate[] [Section 6-21] for TSPA cases," we also note that to ignore the conditions of Section 66-154(d) when awarding "costs"

BRUNING & FEDERLE MFG. CO. v. MILLS

[185 N.C. App. 153 (2007)]

under Section 6-21 would render Section 66-154(d) meaningless. We must resolve the statutes' conflict in a manner which most fully effectuates the legislative intent.

Based on our principles of statutory construction, we conclude that in an action under the TSPA, a trial court may only award attorneys' fees to the prevailing party "[i]f a claim of misappropriation is made in bad faith or if willful and malicious misappropriation exists," pursuant to N.C. Gen. Stat. § 66-154(d). While we agree with Defendants that "had the legislature intended to limit the assessment of attorneys' fees in [Section 6-21] by *cross referencing* the bad faith requirement of [Section 66-154(d)], it could have easily done so[,]" we are nevertheless persuaded that our reading of the two statutes accomplishes the legislative intent. As Defendants do not dispute the trial court's conclusion "that the actions of Plaintiff [do not] merit the award of attorney fees under . . . N.C. Gen. Stat. § 66-154(d)[,]" the order of the trial court is affirmed.

AFFIRMED.

Judges McGEE and ELMORE concur.